WILLIAM A. BOWDLEAR & another *vs.* ELIZABETH L. BOWD
LEAR & others.

A child who, under Gen. Sts. *c.* 110, has been adopted by and has taken the name of a testator, is not, under Gen. Sts. *c.* 92, § 25, entitled to the same share of his estate as if he had died intestate, when by the will, made before the adoption, special provision is made for her by the name she then bore.

BILL IN EQUITY, filed January 16, 1873, by William A. Bowdlear and Thomas Green, executors of the will of Samuel G. Bowdlear, against Elizabeth L. Bowdlear, widow of the testator, Fanny Lincoln Bowdlear and others, named in the will as legatees, praying for instructions.

The case, as it appeared from the bill and answers, on which it was reserved by *Ames,* J., for the determination of the full court, was as follows : Samuel G. Bowdlear made his will May 4, 1860. February 11, 1861, he and his wife petitioned the Probate Court for leave to adopt a child named Fanny Lincoln as their own child, and upon this petition it was ordered by the court that Fanny Lincoln, from and after February 11, 1861, should be deemed and taken for all legal intents and purposes as the legal child of the petitioners. August 10, 1863, Fanny Lincoln's name was, by order of the Probate Court, changed to Fanny Lincoln Bowdlear. The testator died August 10, 1872. In the will, Fanny Lincoln Bowdlear is mentioned as follows : " And my said trustees shall pay, convey, and deliver one half of said principal sum," [of ten thousand dollars,] " or the property in which it shall then be invested, to Fanny Lincoln, of whom my wife and myself have had the care for some time, and whom we deeply love, to have

and to hold the same to her, her heirs and assigns, free from the control or interference of any husband; but if the said Fanny Lincoln shall not have arrived at the age of twenty-one years at the time of the decease of my said wife, then I direct the said trustees to continue to hold the said last mentioned half part in trust, with the powers above given, paying to the said Fanny, or for her use, the net income thereof, or such portions thereof as they shall see fit, till the said Fanny shall arrive at the age of twenty-one years, or shall die prior to that time, when they shall pay, convey, and deliver the said half part and any accumulations of income to the said Fanny, her heirs and assigns." " I give and bequeath to said Fanny Lincoln my gold watch, which I wish her to preserve and wear in remembrance of her uncle."

Fanny Lincoln Bowdlear claimed that she was the legal child and heir of the testator; that she had not been provided for in the will; that such omission was occasioned by accident or mistake; that she had not been provided for by the testator in his lifetime, and that therefore she was entitled to take the same share of his estate, both real and personal, that she would have been entitled to if the testator had died intestate. The other defendants claimed that the property which had come into the possession of the plaintiffs as executors should be disposed of according to the provisions of the will.

*G. F. Homer,* for Fanny Lincoln Bowdlear. The testator has not provided for this child by the will. There is a legacy to Fanny Lincoln, who is mentioned as one " of whom my wife and myself have had the care for some time, and whom we deeply love," but, at the date of the execution of the will, the testator had no child. The adoption of this child by the testator was an event not contemplated by the will; a *status* then arose which is not covered by the will, and there has been no testamentary action by the testator upon the new relation of parent and child.

*G. S. Hillard,* for the other defendants, was not called upon.