*In re* THOMAS PEIRCE, FOR AN OPINION.

WASHINGTON—FEBRUARY 9, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Ademption. Banks and Banking.*

Four banks reorganized and consolidated. Stockholders of each bank were entitled to stock in the new company by way of exchange. The units of value were different, and cash payments were made to equalize the values between the banks.

Testatrix was the owner of stock in one of the banks, and by will, made before the reorganization, bequeathed it under its corporate name. She then accepted stock in the new bank, together with a cash payment made for the purpose of equalization of values:—

*Held*, that there was no ademption of the legacy, because the stock was not in fact sold but exchanged.

*Held*, further, that the payment in cash for the purpose above stated did not change the character of the transaction.

CASE STATED for the construction of a will.

PER CURIAM. The court is of opinion that the stock in the United National Bank goes to William C. Baker, trustee under the bequest of the stock in the Rhode Island National Bank.

(1)     There was no ademption of the legacy of the stock in the Rhode Island National Bank, because, though in form a sale, the stock was not in fact sold but exchanged.

In *Soule for an opinion*, Prov. Co. Eq. No. 5,861, it was held that stock in the Manufacturers' Trust Co. passed under a legacy of stock in the Manufacturers' National Bank, for which it had been given in exchange, under a reorganization and a new charter. In that case one bank reorganized, and in this case four banks reorganized and consolidated. There is no essential difference in the cases. The fact of an exchange rather than a sale is evidenced by the terms of the offer, by which stockholders of each bank were *entitled* to stock in the new company by way of exchange. The units of value were different; still it was an exchange. Stockholders of the four banks had their rights to the new stock, by virtue of owner-ship of the old stock. All the assets and liabilities of the four banks passed to the new corporation. Neither bank was wound up in the ordinary form, but its assets were to be liquidated by the United National Bank. The owners of stock in the Rhode Island National Bank were to have an additional amount over the nominal price at which their stock was taken, according to the liquidation of its assets, a fact whicl traces the ownership of stock into the new corporation. The offer made to stock-holders of the four banks was to substitute their ownership of stock in those banks, according to its value, for stock in the new bank, or to sell it for cash. The testatrix in this case chose the former. The transfer of stock under such circum-stances cannot be treated as a sale, unless it was done under an acceptance of the cash offer therefor.

The small payment in cash, to equalize values between the several banks, did not change the character of the transaction.

*Thomas F. I. McDonnell, Charles F. Stearns, Frank L. Hinckley, Arthur M. Allen,* for parties.