In the Matter of the Petition of CITY BANK FARMERS TRUST COMPANY, Formerly Known as THE FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of MARY A. GUILMARTIN, Deceased, for a Judicial Determination of the Validity, Construction and Effect of Said Will. HAZEL ABRAMS and AUSTIN ABRAMS, Appellants; CITY BANK FARMERS TRUST COMPANY, Formerly Known as THE FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of MARY A. GUILMARTIN, Deceased, and WILLIAM S. SIEMON, as Special Guardian for HELEN GUILMARTIN, an Infant, etc., Respondents.— Decree of the Surrogate's Court, Kings county, adjudging that the last will and testament of Mary A. Guilmartin, deceased, is revoked and a nullity as to Helen Guilmartin, an adopted child, and that she is entitled to take in the same manner and to like extent as if testatrix had died intestate; and order denying motion to vacate and set aside the said decree on the ground of newly-discovered evidence and in the interests of justice, affirmed, without costs. The will, executed seven years before the adoption, made provision for " my friend, Helen Nierychlewski, daughter of Teodor Nierychlewski;" and directed that no payments should be made to the father " to the use of his said daughter." After adoption no new will was drawn. We agree with the reasoning and conclusions expressed in the opinion of the learned surrogate (156 Misc. 699). Under a somewhat similar state of facts, a different conclusion was reached in another jurisdiction. (*Bowdlear* v. *Bowdlear*, 112 Mass. 184.) The development of the law in respect to adoption by statute and by the trend of judicial decision, inclines us to take a contrary view to that of the Massachusetts court in 1873. Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Close, J., dissents on authority of *Bowdlear* v. *Bowdlear* (*supra*).

In the Matter of the Application of JOHN H. IRELAND REALTY Co., Appellant, for a Peremptory Mandamus Order against ADOLPH A. BERLE, JR., as Chamberlain of the City of New York, Respondent.— Order granting a reargument and on reargument adhering to original determination and denying petitioner's application for a peremptory order of mandamus directing the city chamberlain to pay condemnation awards to the petitioner, after deducting as taxes the amount which has been apportioned to the damage parcel, reversed on the law and not in the exercise of discretion, with costs, and motion granted, with ten dollars costs. It appears, without denial in the record, that the comptroller apportioned the taxes on the undivided lot 239 and that thereafter the tax lien on the untaken portion was transferred to the city. In view of these circumstances, in the absence of denials of the apportionment and the tax sale, the apportionment must be deemed to have been made pursuant to section 920 of the Greater New York Charter. To hold otherwise and to require the petitioner to pay tax arrears on the untaken portion would represent another payment for taxes which have already been discharged. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.