Joseph P. Gorham, Administrator
With the Will Annexed of the Estate of Hannah Edblad

*vs.*

Nell M. Chadwick,
The Inhabitants of the Town of Houlton and
Elsie F. Harvey.

Aroostook.    Opinion, June 20, 1938.

*A. A. Putnam,* for plaintiff.
*Nathaniel Tompkins,*
*Bernard Archibald,*
*J. Frederic Burns,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.    This bill in equity brought to obtain a construction of the will of Hannah Edblad, late of Houlton, deceased, is certified forward on report accompanied by an agreed statement of facts and the pleadings in the case. All interested parties, having been joined as defendants, answer, join in the prayer for the construction of the will and, waiving all denials, by stipulation admit the truth of the allegations of the bill.

Hannah Edblad died on the twenty-third day of November, 1935, leaving a will dated June 20, 1929, which was thereafter duly proved and allowed. Joseph P. Gorham, the complainant, as administrator d. b. n. c. t. a. of her estate brings this bill for instructions in the performance of his duties. In the third paragraph of her will, the testatrix made the following bequest:

"I give and bequeath to Nell M. Chadwick of Houlton, Maine, my diamond ring and my stock in Houlton Trust Company."

In the fourth paragraph, she gave her niece Elsie F. Harvey of Kansas City, Missouri, two thousand dollars ($2000.00) and certain enumerated items of personal property.

By the sixth paragraph, she bequeathed and devised the residue of her estate to the Inhabitants of the Town of Houlton to be used for the maintenance of her homestead property as a community house, with additional provision for the use of the residue for the erection and maintenance of any community house which might be acquired in place of her homestead.

The other provisions of the will are not involved in this inquiry and are not passed upon in this opinion.

It appears and is to be assumed from statements of counsel that Hannah Edblad on June 20, 1929, when she executed her will, owned the same and only the ten shares of common stock of the Houlton Trust Company of Houlton, Maine, each of the par value of $100.00, which she had when that bank on March 4, 1933, was closed, and continued to own until she died. In the course of the reorganization of the Houlton Trust Company, however, an assessment of $1000.00 was made against her as a stockholder under sections 93, 94 of Chapter 57, Revised Statutes, and persons liable for stock assessment having been authorized to subscribe for a proposed second preferred stock in an amount equal to his or her liability and in lieu thereof, on June 4, 1934, in writing and as a stockholder she deposited her original shares of the common stock of the bank to be held subject to the terms of the reorganization and decrees of court making the same effective, subscribed for and agreed to purchase shares of noncumulative, nonassessable second or class B, so called, preferred stock of an aggregate par value of $1000.00, and assigned her savings deposit of $9213.22 which she had in the Houlton Trust Company as collateral security for the performance of her contract. When she died, this agreement had not been acted upon but remained in full force and effect.

After Hannah Edblad's death, the Supreme Judicial Court having jurisdiction of the proceeding modified its earlier decree authorizing stockholders to satisfy their liability for stock assessments by subscribing for a new second preferred stock, by approving an issue of common stock and permitting such stockholders to subscribe therefor in lieu of the second preferred stock and on the same terms. Complying with this decree, the complainant, as administrator d. b. n. c. t. a., made a new surrender for retirement of the original ten shares of stock of the Houlton Trust Company owned by his testatrix, cancelled her subscription of June 4, 1934, as a stockholder for second preferred stock, and agreed to take common stock of the same aggregate par value in lieu thereof and subject to the same provisions as to cancellation of his testatrix' stock liability. This agreement was accepted and forty shares of common stock of the par value of $25.00 each were issued to the Estate of

Hannah Edblad, her savings deposit in the possession of her personal representative charged with $1000.00, her double liability as a stockholder cancelled, and her original ten shares of the common stock of the bank were retired.

It also appears that as a part of the reorganization of the Houlton Trust Company it was proposed that refinancing be effected through the sale of first preferred stock to the depositors, and Hannah Edblad on January 13, 1934, as a depositor subscribed for one hundred and forty shares, or such part thereof as might be allotted to her, of six per cent cumulative, nonassessable, $10.00 par preferred stock of the Houlton Trust Company at a price of $50.00 per share, including in that subscription contract an order authorizing the amount payable thereunder to be charged to her savings or demand account. This subscription continued in force until after Hannah Edblad's death, and by virtue of it, as is stipulated in the agreed statement, sixty-nine shares of the par value of $10.00 each of the preferred stock of the reorganized bank were issued to her administrator d. b. n. c. t. a., and the agreed price of $50.00 per share and altogether the sum of $3450.00 was charged to the balance of her savings deposit.

The precise question presented is whether under the third paragraph of Hannah Edblad's will the legatee, Nell M. Chadwick, is entitled to take either the forty shares of common stock or the sixty-nine shares of preferred stock, or both, which on final reorganization of the Houlton Trust Company were issued to the testatrix' estate.

The cardinal rule for the interpretation of wills is that they shall be construed so as to give effect to the intention of the testator. It is the intention, however, gathered from the language used in the testament which governs. *Blaisdell* v. *Hight*, 69 Me., 306; *Torrey* v. *Peabody*, 97 Me., 104, 53 A., 988; *Palmer* v. *Estate of Palmer*, 106 Me., 25, 75 A., 130; *Spear* v. *Stanley*, 129 Me., 55, 149 A., 603. And it is the intention of the maker of the will at the time of its execution. Although a will speaks only from the maker's death, the language used in the testament must be construed as of the date of its execution and in the light of the then surrounding circumstances. Another and accurate statement of this rule is that a will is not operative until the death of the maker and then speaks his or

her intention at the time of its execution. *Cook* v. *Stevens*, 125 Me., 378, 134 A., 195 ; *Spear* v. *Stanley*, supra ; *In re Mandelle's Estate*, 252 Mich., 375, 233 N. W., 230.

The testatrix, Hannah Edblad, owning ten shares of the stock of the Houlton Trust Company, described her bequest in the third paragraph of her will to her beneficiary, Nell M. Chadwick, as "my stock in Houlton Trust Company." As to whether she then contemplated a sale or exchange of these shares or the acquisition of more stock of the bank is not disclosed in the will and can not be considered. It may be safely assumed, however, that she did not anticipate that the Houlton Trust Company would close and she would be called upon to participate in a reorganization in the manner and to the extent reported. Limiting our inquiry then to the will itself and the time and surrounding circumstances of its making, we are convinced that this testatrix intended her bequest to include only the stock in the Houlton Trust Company which she then owned. The language which she used discloses an intention that her legatee should receive the very stock bequeathed and not merely its equivalent in kind or value. She identifies that particular stock as then belonging to her and distinguishes it from all other parts of her property of like kind. Her use of the possessive "my" is convincing indication that she intended to make her gift specific. *In re Gibson*, L. R., 2 Eq. Cas. 669 ; *Bothamley* v. *Sherson*, L. R., 20 Eq. Cas. 304 ; *Ashburner* v. *Macguire*, 2 Brown Ch. Rep. 89 ; *Blackstone* v. *Blackstone*, 3 Watts. (Pa.), 335 ; *Martin, Petitioner*, 25 R. I., 1, 54 A., 589 ; *Emery* v. *Wason*, 107 Mass., 507 ; *Johnson* v. *Goss*, 128 Mass., 433 ; *Harvard Unitarian Society* v. *Tufts*, 151 Mass., 76, 23 N. E., 1006 ; *Fidelity National Bank & Trust Co.* v. *Hovey*, 319 Mo., 192, 5 S. W., 2d., 437 ; *In re Estate of Largue*, 267 Mo., 104, 113, 183 S. W., 608 ; *Loring* v. *Woodward*, 41 N. H., 391 ; *Mecum* v. *Stoughton*, 81 N. J. Eq., 319, 86 A., 52 ; *Will of Hinners*, 216 Wis., 294, 257 N. W., 148 ; 10 Ann. Cas. 493 ; 69 Corpus Juris, 931 ; 28 R. C. L., 290. The testatrix' gift of her stock in Houlton Trust Company falls within the definitions of specific bequests already approved by this Court. *Stilphen, Appellant*, 100 Me., 146, 60 A., 888 ; *Palmer, Appellant* v. *Palmer*, 106 Me., 25, 75 A., 130 ; *Spinney* v. *Eaton*, 111 Me., 1, 87 A., 378 ; *Maxim* v. *Maxim*, 129 Me., 349, 152 A., 268.

The distinctive characteristic of a specific legacy is its liability to ademption. If the specific thing or particular fund bequeathed is not in existence or has been disposed of by the testator subsequent to the making of the will, the legacy is extinguished or adeemed. *Stilphen, Appellant,* 100 Me., 146, 60 A., 888. The rule is otherwise if the identity of the subject matter of the gift is preserved though somewhat changed in name or form.

Thus in *Spinney* v. *Eaton,* 111 Me., 1, 87 A., 378, a specific bequest of stock in a corporation is held not to be extinguished by the testator's exchange of the stock for bonds of the same corporation. "The stock was exchanged, not sold, and the security it represented is substantially the same as at the date of the will. It has not lost its identity."

*In re Clifford,* L. R., 1, Ch. Div. (1912) 29, holds that a specific bequest of twenty-three shares of stock in a corporation was not adeemed by exchange of the original shares for new subdivided shares, the change being in name and form only with the continued substantial existence of the subject of the bequest.

In *Fidelity Title & Trust Co.* v. *Young,* 101 Conn., 359, 125 A., 871, it is held that a specific bequest of one hundred and fifty shares of stock in a corporation of the par value of $100.00 was not adeemed by the subdivision of each of the original shares into five shares of the par value of $20.00 each. *In re Clifford,* 1, Ch. Div. (1912) 29, is cited as directly in point and followed.

In *Pope* v. *Hinckley,* 209 Mass., 323, 95 N. E., 798, a testator, by his will, gave numerous legacies of shares of the first preferred stock of a New Jersey corporation in which he was a heavy stockholder. Later and prior to his death, the corporation passed into the hands of a receiver and a new Connecticut corporation was formed to take over its assets and succeed to the business. The testator deposited his stock in accordance with the plan of reorganization and received negotiable voting trust certificates therefor to be exchanged for stock in the new corporation at a stated ratio. Soon after the death of the testator, his executors made the exchange in accordance with his deposit agreement. On these facts, that court held that the legacies of the first preferred stock of the original corporation were not adeemed by the testator's acts in connection with the reorganization but took effect subject to his

engagements in connection therewith. When the exchange was effected by the executors, the preferred stock of the new corporation stood to all intents and purposes, so far as legacies of the first preferred stock of the original corporation were concerned, in the place of that stock.

In *Chase National Bank* v. *Deichmiller*, 107 N. J. Eq., 379, 152 A., 697, 698, the testator in a will executed in March, 1926, made a bequest of "eight hundred shares of the capital stock of the F. W. Woolworth Company which I now own and possess." After the execution of the will, the corporation by a stock dividend and a stock "split up" multiplied its outstanding shares so that at the testator's death the interest in the corporation formerly represented by eight hundred of its shares was represented by three thousand new shares, and it was held that the bequest was specific and the original interest in the corporation bequeathed was still owned and possessed by the testator at the time of his death in changed form but with identity preserved.

In *Peirce, Petitioner*, 25 R. I., 34, 54 A., 588, a testatrix, having made a bequest of stock in a bank, thereafter without changing her will participated in a reorganization and exchanged the stock bequeathed for stock in the new bank making a small payment in cash to equalize values, and it was there held that there was no ademption of the legacy of the original stock.

In *Will of Hinners*, 216 Wis., 294, 257 N. W., 148, a bequest of two hundred twenty-five shares of "my stock" in a named corporation is held to be specific and not adeemed by an exchange of it by the testator for shares of new common and preferred stock issued in a reorganization of the capital structure of the corporation, the exchange being merely a formal change and substitution of new stock for old. Numerous supporting authorities in point are cited and reviewed.

In the light of these authorities, we are of opinion that the forty shares of common stock of the reorganized Houlton Trust Company issued to the Estate of Hannah Edblad after her death passes under her bequest of "my stock in Houlton Trust Company" to Nell M. Chadwick, legatee named in the third paragraph of her will. An analysis of the reorganization of that bank planned and finally effected, as reported, and the testatrix' participation there-

in as a stockholder leaves no doubt that in fact there was only an exchange of the ten shares of $100.00 common stock originally bequeathed for forty $25.00 shares of new common stock accompanied by a payment of the testatrix' stock assessment. She arranged in her lifetime for such an exchange of her common stock for second preferred stock and the cancellation of her stock liability, deposited her shares for retirement, and died with that arrangement pending. If she can be considered as still owning the stock which she bequeathed subject only to the engagements which she had made, there is no basis for regarding what had been done as an ademption of the legacy, and what her administrator d. b. n. c. t. a., did after her death in compliance with the decree of the court having jurisdiction of the proceeding and, under his engagement made in substitution of hers, accepting common stock instead of second preferred stock in exchange for her original shares can not change that result. On this view of the legal and factual situation, the testatrix did not extinguish her legacy before she died and ademption can not result from the subsequent acts of her personal representative. *Pope* v. *Hinckley*, 209 Mass., 323, 95 N. E., 798, *supra*.

No more can ademption be found if the testatrix' arrangement as a stockholder for participation in the reorganization of the Houlton Trust Company is deemed an exchange of the stock which she bequeathed for new stock in the bank modified after her death by her administrator so that common stock was issued to her estate in lieu of the second preferred stock for which she had subscribed. Considered together and in their entirety, her agreement and that of her personal representative may be viewed, we think, as one transaction which in the end resulted in simply an exchange of old stock for new, a change in form but not in substance of the subject of her legacy to Nell M. Chadwick.

The payment of the testatrix' stock assessment as a part of the exchange did not, we think, change the character of the transaction. That liability accrued when the court ordered a resort thereto and fixed the amount thereof, and this was in Hannah Edblad's lifetime. It did not abate at her death, but survived, and her estate in the hands of her administrator d. b. n. c. t. a., was chargeable therefor and it was his duty to pay it. *Johnson* v. *Libby*, 111 Me., 204, 88 A., 647. We find no ground upon which it can be held that

the specific bequest of the testatrix' bank stock was adeemed or can be abated even *pro rata* by this payment.

Hannah Edblad's subscription of January 13, 1934, for first preferred stock of the Houlton Trust Company as a depositor, upon which sixty-nine shares of such stock of the par value of $10.00 each were finally issued to her estate, presents an entirely different question. The new stock was neither subscribed for nor received in exchange for the stock which she bequeathed Nell M. Chadwick. It originated in and from her status as a depositor of the bank, it had neither actual nor potential existence when her will was executed, and there is nothing to indicate that its subsequent acquisition was then contemplated. No intention to include this after-acquired stock in the bequest is found.

Cases cited by counsel for the beneficiary of the special bequest do not support their contention that the preferred stock in controversy is to be treated as a part of her legacy. *Bireley's Administrators* v. *U. L. Church in America,* 239 Ky., 82, 39 S. W., 2d., 203, is authority only for the rule already stated in this opinion that the exchange of shares of stock bequeathed for an increased number of shares issued in lieu thereof in a corporate reorgnization does not bring ademption but permits the legacy to take effect. And *Emery* v. *Wason,* 107 Mass., 507 already cited in another connection, is not more in point. There, the testator when he made his will owned two hundred shares of Boston & Albany Railroad stock and had subscribed for ninety new shares and had paid one half of the amount due therefor. And it was held that the stock subscribed for, in so far as the construction of his will was concerned, belonged to him as fully as that which had been actually issued and passed to his legatee under a bequest of "the income of my Boston & Albany Railroad stock." If the testatrix in the instant case had subscribed for new preferred stock in the Houlton Trust Company before she made her will, it might well be that her subscription and rights accruing under it could be viewed as within a bequest of "my stock" in the bank. That question can not be here decided.

We must, therefore, instruct the administrator d. b. n. c. t. a., of Hannah Edblad's will that it is his duty to deliver to the legatee, Nell M. Chadwick, the forty shares of new common stock issued to his testatrix' estate in kind and free from charges or obligations.

The sixty-nine shares of preferred stock which is held by her personal representative by virtue of her subscription as a depositor must pass to her residuary legatee subject to her debts and proper administration charges and the payment of general legacies. *Matter of Brann*, 219 N. Y., 264, 114 N. E., 404.

The case is remanded for entry of a decree in accordance with this opinion. And proper costs and counsel fees may be allowed all parties.

*So ordered.*