In the Matter of City of New York, Respondent, Relative to Acquiring Title to Beach 9th Street (Jarvis Lane) from Cornaga Avenue (Rockaway Turnpike-New Broadway) to the Northerly Line of the Public Beach, Borough of Queens. Genevieve A. Kinney et al., Petitioners.

Supreme Court, Special Term, Queens County, April 6, 1944.

*John R. McMullen* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Ten Broeck S. Imlay* and *George Newman* of counsel), for respondent.

LOCKWOOD, J. Genevieve A. Kinney, Isabelle A. McDonnell, Agnes A. Sanders, Ernest V. Amy and Joseph H. Amy seek an order directing the Comptroller of the City of New York to collect from the City Collector the sum of $26,138.34 with interest, being the total sum awarded for damage parcels Nos. 35, 36, 37 and 37B, and to pay that amount to them, together with interest thereon to the date of payment, after first deducting therefrom $5,481.06, the amount of taxes, assessments and interest on certain tax lots not included in transfers of tax liens Nos. 61,327, 61,331, 61,338 and 61,339, Borough of Queens, issued and held by the City of New York.

The City, by a cross application, seeks an order vacating the supplemental, amended and additional final decree insofar as it makes awards for these damage parcels and the benefit assessments contained therein to the extent that they are affected by those awards.

The question at issue is the right of the City to offset the benefit assessments levied in this proceeding against the awards made herein.

The proceeding was authorized March 10, 1927. The entire cost was to be borne by the local area as determined by the then Board of Estimate and Apportionment. On May 22, 1931, that Board redistributed the cost by placing 25% upon the Borough and the remaining 75% upon the local area theretofore fixed.

The condemnation order was entered November 10, 1927. An amended order was entered November 8, 1928.

The proceeding was originally tried before Mr. Justice FABER in 1930. On that trial petitioners' expert testified to a damage of $73,885. The court held these parcels to be subject to easements (N. Y. L. J., July 15, 1930, p. 1908, col. 3). The final decree filed August 11, 1931, contains awards of six cents each for damage parcels Nos. 35, 36, 37 and 37B, and benefit assessments of $23,802.57 against the abutting property of which these parcels, Nos. 35, 36, 37 and 37B, formed a part.

After the entry of the final decree, because of changes on the tax map of the blocks abutting these damage parcels, the aforesaid benefit assessments were recast pusuant to the provisions of the then existing Charter (Greater New York Charter, L. 1901, ch. 466, as amd.). The recast assessments on the new tax lots owned by petitioners abutting these damage parcels totaled $20,587.06. The recast assessments on the property in back of the new tax lots abutting the damage parcels totaled $3,215.51. On August 25, 1931, these assessments were entered for collection in the City Collector's office. Ten days after this date these assessments became liens. (Greater New York Charter, § 1017; New York City Charter [1938], § 314.)

An appeal taken to the Appellate Division from that part of the final decree of Mr. Justice FABER making nominal awards for damage parcels Nos. 35, 36, 37 and 37B resulted in a reversal of the determination of easements. The matter was remitted to Special Term to make substantial awards. (241 App. Div. 738.)

On the retrial this court made tentative awards totaling $19,500 (N. Y. L. J., October 25, 1934, p. 1457, col. 7). Petitioners objected thereto and on the hearing of objections to the supplemental, amended and additional tentative decree offered expert testimony claiming the damage to be $27,999. All objections were overruled.

The supplemental, amended and additional final decree entered February 5, 1937, contains awards and interest for the aforesaid parcels aggregating $25,912.25 payable to petitioners and additional benefit assessments of $3,491.91 against the property of which these parcels formed a part as shown on the benefit map annexed to the final decree of August 11, 1931.

Due to the same changes on the tax map as heretofore set forth these additional benefit assessments were recast. The recast additional assessments on the new tax lots abutting the aforesaid damage parcels totaled $2,961.93. The recast additional assessments on the property in back of the new tax lots abutting the damage parcels totaled $507.38. On February

24, 1937, these additional assessments were entered for collection in the City Collector's office and became liens ten days thereafter.

Taxes and assessments, other than the aforesaid benefit assessments, which were liens against the street lots (damage parcels Nos. 35, 36, 37 and 37B), on the date of title vesting, as apportioned by the Tax Department with interest, amount to $5,481.06. This item was not included in the transfers of tax liens sold to the City, hereinafter referred to, which are the subject of this dispute.

Ten transfers of tax liens aggregating with interest $151,003.49, comprising taxes and assessments apportioned on the remainder areas, as well as the benefit assessments levied under the decree of August 11, 1931, were sold and bought by the City of New York on September 22, 1938, at public auction. These liens, as reduced and corrected as hereinafter set forth, are still owned by the City.

The Comptroller of the City of New York transmitted the awards made on the retrial together with interest totaling $26,138.34 to the City Collector in payment of taxes and assessments.

On October 27, 1942, pursuant to section 415(1)–24.0 of the Administrative Code of the City of New York (L. 1937, ch. 929 as amd.), the City Collector with the written approval of the City Treasurer canceled in part the transfers of tax liens Nos. 61,327, 61,331, 61,338 and 61,339, which as stated, covered taxes and assessments levied against the new tax lots abutting the damage parcels including the 1931 benefit assessments, by applying and crediting the $26,138.34 transmitted to him against the 1931 benefit assessments included in these transfers of tax liens to the extent of $19,716.79.

Brought forward ............................... $19,716.79
The balance, $6,421.55, was applied:
   (1) On account of the benefit assessment in the supplemental, amended and additional final decree filed February 5, 1937, as recast, the sum of    940.49
   (2) To payment of the taxes and assessments as apportioned, together with interest thereon, which were liens against the street lots damage parcels Nos. 35, 36, 37 and 37B, on the date of vesting title............................ 5,481.06

    Total ................................. $26,138.34

Petitioners contend that this payment to the City Collector and his disposition of the awards, other than the last item of

$5,481.06 for taxes due up to date of vesting, August 11, 1931, on the land actually taken — the damage parcels — were unauthorized and unlawful because: (1) the taxes and assessments as apportioned on the remaining property abutting the damage parcels and the assessments for benefit contained in the final decree of August 11, 1931, were included in the aforesaid transfers of tax liens, and therefore cannot be deducted from the awards; (2) the 1931 benefit assessments were not liens against the 1937 awards and therefore should not be offset; and (3) petitioners having divested themselves of title to the remaining property abutting the damage parcels between August 11, 1931, the date of title vesting, and February 5, 1937, the date of filing the supplemental, amended and additional final decree, the awards are not subject to either the 1931 or the 1937 benefit assessments.

As hereinbefore stated, the awards and interest were applied to the full payment of taxes and assessments against the street lots (damage parcels Nos. 35, 36, 37 and 37B), and the balance in partial payment of the 1931 and 1937 benefit assessments.

Petitioners concede that taxes and assessments against the street lots taken (the damage parcels), totaling $5,481.06, were properly deducted from the awards. Inasmuch as no taxes or assessments apportioned against the property abutting the damage parcels were deducted from the awards, petitioners' first contention must be limited to the payment of $20,657.28 applied by the City Collector toward the 1931 and 1937 benefit assessments.

In support of their first contention, as thus limited, petitioners cite *Matter of Englander* v. *McGoldrick* (261 App. Div. 975, affd. 287 N. Y. 583); *Matter of Ireland Realty Co.* v. *Berle* (250 App. Div. 762); and *Matter of Blume (East 88th Street)* (N. Y. L. J., April 12, 1943, page 1431, col. 4). These cases are not applicable here.

In each of the cases cited, the assessments for benefit in the proceeding were deducted from the awards and were not included in the transfer of tax liens. The fact that in this proceeding the benefit assessments were included in transfers of tax liens sold to the City in 1938, does not aid petitioners.

The City has two separate and distinct methods of enforcing payment of benefit assessments: (1) by foreclosing the transfers of tax liens, or (2) by offsetting the assessments against the awards. The City here chose the latter method.

The evidence adduced on the hearing of petitioners' motion and the affidavit of Deputy City Collector of Taxes Joseph G.

White show that the City was not paid, either actually or theoretically, any of the items contained in the transfers of tax liens when those liens were sold and bought by the City. No money passed from one pocket of the City to another. No cash or other credit entries of payment were made on the tax books. In fact, nothing occurred other than the creation by transfers of tax liens of another lawful method by the City to enforce payment of taxes and assessments. These facts in this record distinguish the instant proceeding from the cases cited by petitioners.

If an outside party had purchased these tax liens at the public sale and paid the accepted bid price the City would have been paid and its records would so indicate. Here there was no outside buyer. The City bid the liens in and its claim remained a City asset and a lien against the property assessed.

Under the circumstances, the right to offset benefit assessments against awards pursuant to section 313-2.0 of the Administrative Code, formerly section 988 of the old Charter (Greater New York Charter, L. 1901, ch. 466 as amd.), is not impaired or affected by the sale to the City of tax liens containing these items. This right of offset is an independent statutory right and is not limited in any manner by steps taken pursuant to other statutes to enforce payment.

Petitioners' second contention is untenable. The 1937 decree only supplements and amends the 1931 decree. The practical effect of this decree is that it puts all the parties in the position they would have been in if the 1931 decree contained substantial awards for damage parcels Nos. 35, 36, 37 and 37B instead of nominal awards.

The Appellate Division did not vacate the 1931 decree. It merely reversed as to the nominal awards only and remitted the proceeding for a new trial. The awards made on the retrial are the final awards and date back to the original decree of August 11, 1931, when title vested, and bear interest from that date. The assessments for benefit in that decree were not affected by the reversal. The 1937 benefit assessments when added to the 1931 assessments equal what the 1931 benefit assessments would have been if substantial awards had been made for damage parcels Nos. 35, 36, 37 and 37B in the first instance. The benefit assessments in both decrees were properly offset against the awards. To hold otherwise would be contrary to the clear intention of section 313-2.0 of the Administrative Code.

With reference to the petitioners' third contention, the facts are as follows: Prior to January 18, 1926, the entire tract, consisting of about 16 acres or 340 city lots, was owned by the

petitioners' mother, Isabelle O'Donohue Amy, and their uncle, Louis V. O'Donohue. In December, 1925, after the death of Isabelle O'D. Amy, her executors conveyed her undivided one-half interest in the property to the O'Donohue Park Corporation, and in January, 1926, Louis V. O'Donohue conveyed his undivided half interest to the same corporation for a total consideration of $1,050,000. Terms: cash — $400,000; purchase money mortgage — $650,000. This corporation paid no taxes or assessments levied after it acquired title.

In May, 1930, the O'Donohue Park Corporation in lieu of foreclosure conveyed the entire property to the petitioners herein, except the portions theretofore released from the purchase money mortgage, which releases showed stated considerations totaling $89,000. At the time of this conveyance the unpaid taxes and assessments totaled approximately $350,000.

The tentative awards contained in the supplemental, amended and additional final decree were announced by this court on October 25, 1934, and the supplemental, amended and additional tentative decree was filed on June 17, 1935. The decision of the court overruling the objections to the supplemental, amended and additional tentative decree was made on July 2, 1935.

The testimony taken on the hearing with reference to these applications as well as the allegations in the moving papers and replying affidavits, show, that in or about August, 1935, two months after the filing of the supplemental, amended and additional tentative decree, and within one month after objections thereto were overruled, a conference of the petitioners and their attorneys was held at which the situation as to the back taxes on the property was discussed. The conferees decided that title to the remaining property abutting the damage parcels should be conveyed to someone who knew the condition of the property and who was familiar with all the details of the tax situation. This someone was supposed to make an effort to sell the property and pay the taxes and assessments so that petitioners would be in a position to collect the entire award. Several nominees were considered, including both their lawyers. It was finally decided to place title to the remainders in the name of one Peter B. McCahill, a retired City employee of no substantial financial means, to carry out this scheme to avoid payment of assessments or taxes on the remainder and to collect the award and to leave the City holding the unpaid tax liens. He was not a licensed real estate broker but he had known the petitioners' uncle for years.

On August 6, 1935, a quitclaim deed was delivered by the petitioners to Mr. McCahill conveying only the new tax lots in petitioners' ownership, immediately abutting the damage parcels, and not the entire tract which they had acquired in 1930 from the O'Donohue Park Corporation. No contract of sale evidencing the transaction was executed. No consideration was paid for this conveyance. The deed was drawn by the counsel for the petitioners on this motion. No taxes or assessments have been paid by Mr. McCahill since he acquired the property. He received no money for the conveyance of the one lot which he made.

The evidence further shows that on July 1, 1936, the petitioners conveyed all the property received from the O'Donohue Park Corporation, including the property conveyed to McCahill as aforementioned, to the O'Donohue Holding Corporation, a newly organized family corporation in which petitioners were the sole stockholders. Both this deed and the McCahill deed were executed before the same notary and were recorded at the request of petitioners' family attorney. As McCahill did not join in this conveyance it is fair to assume they are holding off record a deed back from McCahill of the part heretofore conveyed to him.

The City contends that by these two deeds petitioners failed to convey title to the remaining property to such an owner as would defeat offsetting assessments for benefit against the awards.

It must be borne in mind that these conveyances were made long after the assessments for benefit in the 1931 decree were entered for collection and became liens against the remaining property. Petitioners owned the adjoining property when title to the damage parcels vested and the 1931 benefit assessments ripened into a lien.

It is admitted by counsel for petitioners that these two conveyances, especially the one to McCahill, were made for no other purpose than to divest the petitioners of title to the property abutting the damage parcels herein so that the assessments for benefit on the adjoining property might not be offset against the awards.

Here is a condition where taxes on a large tract of land have been accumulating since 1926 and are still unpaid. Petitioners' family have already obtained out of this property approximately $489,000 in cash and have never contributed toward the payment of any taxes and assessments, which in 1938 totaled approximately $151,000, on the blocks adjoining the damage

parcels. In fact, no taxes or assessments have been paid up to the present time. Petitioners seek to obtain the awards, including interest totaling $26,138.34, without paying one penny toward the benefit assessments levied in this proceeding.

The City by its cross application here seeks an order vacating the substantial awards made for damage parcels Nos. 35, 36, 37 and 37B in the supplemental, amended and additional final decree, contending that nominal awards only should have been made therefor because of easements. The City further contends that these parcels are not owned by the petitioners.

After considering all the allegations contained in the affidavits in support of petitioners' motion and City's cross application, and the testimony and exhibits of February 14, 1944, the court denies both motions.

Submit orders.