In re ESTATE of Dominic DANIELS, Osage Allottee No. 310, Deceased.

No. 40107.

Supreme Court of Oklahoma.

April 6, 1965.

Frank T. McCoy, Robert P. Kelly, Lee W. Cook, Pawhuska, J. E. Burns, Jr., Ponca City, for plaintiffs in error.

Chas. R. Gray, W. N. Palmer, John L. Arrington, Pawhuska, for defendants in error.

DAVISON, Justice.

Dominic Daniels' will is dated June 25, 1942; he died September 1, 1958.

He left surviving him as his heirs at law his adopted daughter, Cynthia Daniels Cannon, one and the same person as Cynthia Daniels Boone, and ten children of another adopted daughter, Myrtle Cass Jamison, who died October 5, 1957. Of those ten children born to Myrtle Cass Jamison five were born before the execution of the will of June 25, 1942, and the other five were born after the execution of said will.

Two of the five first born children above referred to were mentioned in the will. They were George Frederick Williams and Myrtle Cass Conley. The other three were not mentioned. The youngest of the last five children was born March 24, 1949.

The second clause of the will contained a devise covering certain property to "my grand-daughter, Mary Agnes Daniels, *the daughter of adopted daughter, Cynthia Daniels Boone * * *,*" (emphasis ours).

The third clause devised additional property to "my adopted daughter, Cynthia Daniels Boone * * *."

The fourth clause devised additional property to Richard Petesmoie, Osage Allottee No. 633, "*A nephew of my deceased wife * * *"* (emphasis supplied).

The sixth clause devised additional property to *"my grand-daughter, Myrtle Cass, the daughter of my adopted daughter, Myrtle Cass, * * *"* (emphasis added).

By the residuary clause the testator left the balance of his property to *"Mary Agnes Daniels, the daughter of my adopted daughter, Cynthia Daniels Boone * * * * (emphasis added).

The adopted daughter, Myrtle Cass, one and the same person as Myrtle Cass Jamison, the mother of the ten grandchildren of the testator, was not mentioned in the will except as shown in clause No. six above referred to.

The district court on appeal from the county court held that it does not appear from the four corners of the will that its failure to provide for the testator's daughter, the mother of his grandchildren, was intentional, and that the grandchildren for whom the will failed to provide were pretermitted heirs under 84 O.S.1961, § 132.

Plaintiffs in error submit that the trial court erred in concluding as a matter of law that the testator's failure to make provision in his will for his adopted daughter, Myrtle Cass Jamison, was unintentional. The propositions submitted are (1) that Myrtle Cass Jamison stood disinherited by the will, and (2) that thereby her children's claims as pretermitted heirs are precluded.

The first proposition is presented because paragraph 6 of the will provided:

"I give, devise and bequeath to my granddaughter, Myrtle Cass, the daughter of my adopted daughter, Myrtle Cass, all of my right, title and interest * * *"

in certain real property. That being thus in the mind of the testator the idea that she was overlooked, which is essential to the application of the statute, 84 O.S.1961, § 132, may not be presumed. Appellants cite the case of In re Adams' Estate, 203 Okl. 377, 222 P.2d 366, as squarely decisive of the question. It was therein said that the intention of the testator to disinherit need not be declared in express terms in the will, it being sufficient if such intention can be clearly inferred from the particular provisions thereof. This cited case is distinguishable from the present case as hereinafter pointed out.

Appellees say that the effect of the decisions of this court in In re Revard's Estate, 178 Okl. 524, 63 P.2d 973; Riley v. Collier, 111 Okl. 130, 238 P. 491, and Spaniard v. Tantom, 131 Okl. 75, 267 P. 623, is contrary to the conclusion urged by the appellants; that in each of those cases the omitted heir was held entitled to take under the law of intestate succession *unless an intention to disinherit the heir at law appears in the testator's will.* 84 O.S. 1961, § 151 requires that the will of a testator be construed according to his intention. Whether the will shows an intention by the testator to disinherit the omitted heir, is the crux of the matter.

84 O.S.1961, § 132 reads:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

This court held in In re Castle's Estate, Okl., 262 P.2d 704, that the intention to disinherit the children of a testator, or children of deceased children, must affirmatively appear from the four corners of the will.

■ In Spaniard v. Tantom, supra, we quoted with approval language from In re Hassell's Estate, Cal., 168 Cal. 287, 142 P. 838, as follows:

"'It is, of course, well established, that before what are considered to be the "natural rights" of children to share in the inheritance of their immediate ancestors shall be taken away, the intent that they shall not so share must appear upon the face of the will strongly and convincingly. In re Stevens, 83 Cal. [322] 330, 23 P. 379, 17 Am.St. Rep. 252; Rhoton v. Blevin, 99 Cal. [645] 647, 34 P. 513; In re Salmon, 107 Cal. [614] 617, 40 P. 1030, 48 Am. St.Rep. 164. If the intent is not thus satisfactorily established, the law will reach the humane conclusion that the testator inadvertently failed to make provision for his children or children of deceased children.'"

In applying 84 O.S.1961, § 132, in Re Revard's Estate, supra, we said that it should be kept in mind that inquiry must be directed to whether the will's omission to provide for a member of the family, or heir at law, appears intentional rather than an unintentional omission such as an oversight; that the gist of the statute is an "omission to provide" rather than an omission to name the testator's child or child of a deceased child.

Plaintiffs in error rely strongly on In re Adams' Estate, supra, in which this court affirmed a judgment favoring a distribution in accordance with the terms of the will wherein a son of the testatrix was named executor, but was otherwise unmentioned and unprovided for. An intention to disinherit that son was seen under the particular facts, as the distribution of the entire property to another son was shown in the will to be because that son had for years nursed his sick father. The intention of the maker of the will in that case appears unlike that of the maker of the will in the instant case where no intent to disinherit is apparent, but, instead, an intention to particularly identify certain devisees. In these particulars the cited case is distinguishable from the facts in the present case.

In Monroe v. Lawrence, Okl., 347 P.2d 1016, we held that the intention of a testator to disinherit children of his deceased children must affirmatively appear from the four corners of the will.

"The fact that a testator mentions in his will one closely related by blood or intimately associated in family relations with an omitted heir does not overcome the presumption that he was unintentionally omitted, nor show as a matter of construction that he was in the mind of the testator and intentionally omitted." 57 Am.Jur. p. 408, Wills, Sec. 593.

We are not unmindful of the holding in the recent case of Pease v. Whitlatch, Okl., 397 P.2d 894, wherein we held that from the four corners of the will the testatrix intentionally omitted to provide for her granddaughter, Darlene. In that case the will of testatrix in mentioning the names of various heirs stated:

"Among my grandchildren are Bill Ray Whitlatch and Darlene Whitlatch, the son and daughter of my deceased son, Ora Elmer Whitlatch, Jr."

The will in the cited case bequeathed and devised certain property to various relatives including her grandson, Bill Ray Whitlatch, but failed to mention the name of her granddaughter, Darlene Whitlatch, otherwise than stated in the above paragraph. We held that since the granddaughter, Darlene, was mentioned as above set forth that the omission to provide for her was intentional.

The present case is distinguishable from the Pease v. Whitlatch case, supra, because of the difference in the factual situation. In the case at bar the mention of the name of Myrtle Cass was used only as a descriptive name to properly identify her granddaughter, Myrtle Cass. The manner in which the testatrix uniformly described the other distributees in her will makes a rather convincing picture to show that she only

meant to properly identify such distributees. In stating that "my granddaughter, Myrtle Cass, the daughter of my adopted daughter, Myrtle Cass" was evidently meant to properly describe and identify such granddaughter. The method of identifying the granddaughter would be similar and equivalent to saying "my granddaughter, Myrtle Cass" of Bokoshe, Oklahoma, or Nome, Alaska.

■ The finding of the trial court that testatrix did not intentionally omit to provide for his adopted daughter, Myrtle Cass, after considering the four corners of the will, is not against the clear weight of the evidence, and on this point the lower court is affirmed.

As to the second proposition, appellants' argument is that if Myrtle Cass Jamison had been given a bequest and subsequently died, her children would have shared in that gift; that at the time Dominic Daniels made the will he had no need to remember or mention the children of Myrtle Cass Jamison in order to prevent them from inheriting; and that had he desired to provide for any of her children he could have done so during the period of time from March 24, 1949, the date the younger of them was born, to the date of testator's death, September 1, 1958. That Myrtle Cass Jamison stood disinherited and therefore her children also stood disinherited, except to the extent one or more of them were specifically provided for in the will. In support thereof we are referred to In re Barter's Estate, 86 Cal. 441, 25 P. 15; In re Todd's Estate, Cal., 99 P.2d 690, and 109 P.2d 913, and In re Carter's Estate, 49 Cal.App.2d 251, 121 P. 2d 540, which were concerned with a statute identical to our 84 O.S.1961, § 132.

Dissimilarities to the facts here are seen in all but one of those cases. In the In re Todd cases, supra, the grandchild's father, who predeceased the testator, was a devisee. In re Carter, supra, the father of the grandchild protestant was provided for in the testator's will. Only In re Barter's Estate, supra, appears comparable with the instant case in the respect that there children of the

testator's unprovided for daughter, living at the time of the execution of the will, sought to take under a statute like our 84 O.S. 1961, § 132. They were held not entitled to take as pretermitted children as their mother was living at the time of the execution of the testator's will, and therefore, it was said, there was no need for the testator to mention them in the will.

There are decisions in California which hold to the contrary, as may be illustrated by In re Salmon's Estate, 107 Cal. 614, 40 P. 1030, wherein it was held that the mention of the mother of testatrix' grandchildren is not sufficient to show that the testatrix had the grandchildren in mind and they succeed under the provisions of section 92 of the California Civil Code (which is like 84 O.S.1961, § 132) as if the testatrix had died intestate.

The second In re Todd case, supra, contains an historical résumé of Section 90 of the Civil Code of California. The decision there contains language to the effect that the rule of statutory construction requires that we shall look first to the plain language of the statute to determine its meaning rather than an interpretation unreasonably placed upon it by a decision of a court, the judicial effort being principally to give full effect to the language actually used by the Legislature.

The fallacy of appellant's second contention lies in the fact that they are apparently reading into 84 O.S.1961, § 142, on which such contention must surely rely, something that is not there. That section of the statute reads:

"When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before such testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator."

If Myrtle Cass had been given a devise and had subsequently died, prior to the

**498**

demise of the testator, her children would have shared in that devise by reason of Sec. 142, but that is not the situation here. The lineal descendants of Myrtle Cass are not descendants of a devisee of Dominic Daniels' will. Sec. 142 applies to descendants of a devisee, for that section says: "When any estate is devised * * *" Section 142 is not applicable here.

As to the effective date of the testator's will this court held in Re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277:

"A will is ambulatory during the life of its maker and takes effect and speaks only from and after the death of its maker."

See also Dixon v. Dixon, 191 Okl. 139, 126 P.2d 1020; Wilson v. Greer, 50 Okl. 387, 151 P. 629; Frost v. Davis, 182 Okl. 593, 79 P.2d 600; Williford v. Davis, 106 Okl. 208, 232 P. 828; Davis v. Williford, 271 U.S. 484, 46 S.Ct. 547, 70 L.Ed. 1048.

Another statement of this rule is that a will is not operative until the death of the maker and then speaks his or her intentions at the time of its execution. See Gorham v. Chadwick, 135 Me. 479, 200 A. 500, 117 A.L.R. 805.

It is not evidence from an examination of the will, the four corners of it, that at the time he executed it the testator intended to disinherit his grandchildren should they—in the event his daughter, their mother, predeceased him—become his presumptive heirs at the effective date of the will. 84 O.S.1961, § 132, was then, as at the time of the testator's death, the statutory law, and the maker of the will is presumed to have had knowledge of such law.

The judgment of the district court is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.