**Bettye Lou Crawford
BROWN, Appellant,**

v.

**Jessie CRAWFORD, Executrix of the Estate of Frank Crawford, Deceased, and Jessie Crawford, Individually, Appellee.**

Nos. 61071, 61072.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 4, 1984.

Rehearing Denied Jan. 8, 1985.

Certiorari Denied April 30, 1985.

Released for Publication by Order
of the Court of Appeals
May 3, 1985.

Arnold T. Fleig and Jimanne H. Mays, Oklahoma City, for appellant.

Phil S. Hurst, Sulphur, for appellee.

HUNTER, Judge:

This case of first impression presents the question of whether an after-adopted child, named and provided for in the testator's will as his wife's niece, is entitled to an intestate share of the estate because she was "neither provided for nor in any way mentioned in the will" as the testator's child.

Frank Crawford died on January 16, 1976, at the age of eighty-seven. His holographic will, dated April 10, 1936, was offered for probate. The holographic will contained a provision for "my wife's niece, Bettye Lou Dukeminier, daughter of Mr. and Mrs. Price Dukeminier, now of Roswell, New Mexico", and bequeathed the rest and residue of his estate to his wife, Jessie Crawford. At the date of the will, the niece was five years of age.

On April 17, 1948, Frank and Jessie Crawford adopted Bettye Lou Dukeminier and her name was changed to Bettye Lou Crawford. She was seventeen years of age at the time of the adoption. Frank Crawford never made any change to his 1936 holographic will.

After the will was admitted to probate, Bettye Lou Brown, formerly Bettye Crawford, filed her application for her statutory share as an omitted child or, alternatively, as an after-born child not provided for in the will of the decedent, or by settlement.

The trial court denied Bettye's application and entered a minute order as follows:

The Court after considering the pleading and briefs on file herein finds:

1. The applicant is not an unintentionally omitted child as contemplated by 84 § 132 OSA.

2. That the applicant, even thought (sic) an after born child, is provided for in the will of Frank Crawford, the application is therefore overruled.

3. The applicant is further (sic) granted standing to object to the total accounting for the reason both parties have announced there (sic) intent to appeal regardless of the Courts ruling.

Standing is granted applicant so as to avoid duplicitous appeals.

This order is the subject of Bettye's appeal in case number 61,071. Thereafter, the trial court entered a final order determining heirs and distributing the entire estate to Jessie Crawford, widow, "with the exception of the East 50 feet of Lots 6 and 7, Block 154, City of Sulphur ... subject to life estate in an undivided one-half interest in said property in JESSIE CRAWFORD, which is distributed to 'my wife's niece, Bettye Lou Dukeminier, daughter of Mr. and Mrs. Price Dukeminier, now of Roswell, New Mexico,' as set out in Will". Bettye filed a separate appeal from that order in case number 61,072. The appeals were consolidated into case number 61,071.

The trial court correctly found appellant to be an after-born child. The question remains, as succinctly stated by appellant in her brief: "Does a bequest to an unrelated person later adopted by testator as his child constitute 'mention of' or 'provision for' said child?"

In the case of *In re Estate of Dominic Daniels*, 401 P.2d 493 (Okl.1965) the Oklahoma Supreme Court affirmed the trial court in ruling that although the testator's adopted daughter was "mentioned" in the will, she was not "provided for" and the omission not appearing to be intentional, the issue of that daughter were entitled to take as pretermitted heirs.

The applicable Oklahoma Statutes are 84 O.S.1981 §§ 131 and 132, which provide as follows:

Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate.

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

█ It is settled law in this state that an adopted child is a "child" for the purposes of the above statute. *Alexander v. Samuels*, 177 Okla. 323, 58 P.2d 878 (1936); *In re Estate of Daniels*, 401 P.2d 493 (Okl. 1965). The word "child", in the context of the statute, denotes legal heir.

The appellant contends that she takes under the statute because she is not "named" or "provided for" in the will *as a child.*

█ In construing a will, the paramount consideration is the intention of the testator, and this intention is to be gathered, if possible, from the will itself. 84 O.S.1981 §§ 151, 152. The testator's intention is to be determined as of the date of the execution of the will. *In re Daniel's Estate*, 401 P.2d at 498.

█ At the time the will in this case was executed, Bettye Lou Dukeminier was not a "child" of the testator, in the sense that the word "child" is used in 84 O.S.1981 §§ 131, 132. She had no legal rights as an heir. There is nothing in the will, nor in the record, that suggests that the testator contemplated adopting Bettye Lou Dukeminier 12 years after the execution of the will. Thus, when the testator made a bequest to "my wife's niece, Bettye Lou Dukeminier", we must conclude that the testator intended to refer to her only as a niece and not as a child. Therefore, the testa-

tor's child, Bettye Lou Crawford, was not named or provided for in the will. Accordingly, she became a pretermitted heir under 84 O.S.1981 § 132. See *In re Guilmartin's Estate*, 156 Misc. 699, 282 N.Y.S. 525 (1935), aff'd 250 App.Div. 762, 293 N.Y.S. 665 (1937), aff'd 277 N.Y. 689 (memorandum opinion, 14 N.E.2d 627 (1938); *In re Reed's Estate*, 19 N.J.Super. 387, 88 A.2d 690 (1952).

Appellee argues that appellant is precluded, in any event, because the testator provided for her "by a settlement, which takes her out from the protection of 84 O.S. § 131". The property which allegedly constituted a "settlement" was not given to appellant by the testator to his "child", but was a gift from testator and appellee to appellee's niece, and other property was later given solely by appellee to her adopted daughter. The argument of appellee is contrary to the evidence presented to the trial court and is without merit.

We hold that Bettye Lou Crawford Brown is entitled to share in the estate of Frank Crawford as a pretermitted heir under 84 O.S.1981 § 131, 132.

The judgment of the trial court is REVERSED and this cause REMANDED for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

HOWARD, P.J., and CHARLES M. WILSON, J., concur.