**SPANIARD et al. v. TANTOM et al.**

No. 17585. Opinion Filed March 20, 1928.

Rehearing Denied May 29, 1928.

(Syllabus.)

**1. Indians—Children of Deceased Children not Disinherited by Will of Full-Blood Indian Unless Omission Was Intentional.**

Even though the Act of Congress of April 26, 1906, as amended by Act of May 27, 1908, does not prohibit a full-blood Indian, when devising real estate, from disinheriting, by will, grandchildren, a will devising real estate executed by a full-blood Cherokee Indian omitting and failing to provide for her grandchildren, issue of her deceased children, will not, in view of section 11255, C. O. S. 1921, operate to disinherit such grandchildren, unless it appears that such omission was intentional. Unless intentionally omitted, such grandchildren will inherit as provided by said section and section 11256. Such sections are, to this extent, not in conflict with the Act of Congress above mentioned.

**2. Descent and Distribution—Intention of Testator Gathered from Will Itself.**

The intention of a person to disinherit by will his children, or children of his deceased children, must appear from the four corners of the will. Circumstances under which the will was executed cannot be taken into consideration, nor may extrinsic evidence of any character be admitted to establish such intent. The cases of Riley v. Collier, 111 Okla. 130, 238 Pac. 491, and Courtney v. Daniel, 124 Okla. 46, 253 Pac. 990, to the extent of conflict herewith, are hereby expressly overruled.

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Eliza Spaniard and George Crapo against M. E. Tantom to quiet title. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

L. E. Neff and Thomas J. Wiley, for plaintiffs in error.

Ezra Brainerd, Jr., Chas. P. Gotwals, and John T. Gibson, for defendant in error.

HERR, C. The main question involved

in this appeal is, Does a will executed by a full-blood Cherokee Indian operate to disinherit children of her deceased children, such children being omitted from her will, without it appearing from the face of the will that such was her intention? We think this question must be answered in the negative.

Section 11255, C. O. S. 1921, provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

Under the rule announced by this court in the case of Blundell, Ex'r, v. Wallace, 96 Okla. 26, 220 Pac. 40, this section applies, under the facts in this case, to a full-blood Cherokee citizen to the same extent as to any other citizen of the state. It was there said:

"Section 8341, Rev. Laws 1910, provides: 'Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will; provided, that no marrige contract in writing has been entered into between the parties; no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband; provided, further, that no person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will. Held, this provision is applicable to Indian citizens, as well as other citizens of the state.'"

This case was, on appeal, affirmed by the Supreme Court of the United States. Blundell v. Wallace, 267 U. S. 373, 69 L. Ed. 664.

It is contended by appellee that the above section conflicts with the Act of Congress of April 26, 1906, as amended by the Act of May 27, 1908. It is urged that said act not prohibiting a full-blood Indian, when devising real estate, from disinheriting by will his or her grandchildren, such Indian may therefore so do free from state control or regulation. In our opinion this contention cannot be sustained. Speaking of this Act, this court, in the above cited case, says:

"This provision of the act of Congress had for its purpose the further removal of restrictions from citizens of the Five Civilized Tribes of Indians, and was not intended by Congress as conferring an absolute right of disposition of his property without regard to the law of the state where the property is located."

To sustain the judgment, counsel cite Walker v. Brown, 43 Okla. 144, 141 Pac. 681; Wilson v. Greer, 50 Okla. 387, 151 Pac. 629. These decisions are in conflict with the case above cited, and, such case having been affirmed by the United States Supreme Court, former decisions of this court to the contrary can no longer be considered as authority.

Counsel also cite the case of Blansent v. Cardin, 256 U. S. 319. In that case the court had before it the will of a Quapaw Indian, whose right to execute the will was determined by the Act of Congress of June 25, 1910. In the Blundell Case, supra, the United States Supreme Court distinguishes it and holds that it has no application in construing the Act of April 26, 1906, as amended by the Act of May 27, 1908.

It is true that, in the cited cases, the section of the statute above quoted was not involved, but it was therein held that the state statute, prohibiting either spouse from willing away from the other more than two-thirds of his or her property, applied to a Choctaw citizen of the half-blood, and that such statute was not in conflict with the Act of Congress above quoted. The reason for so holding applies with equal force to the statute herein involved.

As we consider these cases decisive of the issues here presented, we will not attempt to discuss the same on principle, but simply follow the rule therein announced.

The facts are: On April 3, 1910, Jennie Eli, a full-blood Cherokee died, seized of certain premises constituting her allotment. She left surviving her neither father, mother nor children, but did leave surviving her several grandchildren. She willed all of her property to Nelson Crapo, a grandson, to the exclusion of the other grandchildren. Nothing appears from the face of the will she intentionally disinherited her other grandchildren; such grandchildren are, therefore, entitled to inherit as though their ancestor had died intestate. Riley v. Collier, 111 Okla. 130, 238 Pac. 491; Courtney v. Daniel, 124 Okla. 46, 253 Pac. 990.

We adhere to the rule announced in the above cases, in so far as it is held that, unless it appears that children, or children of deceased children, are intentionally omitted from the will, they will inherit as provided by the sections of the statute therein quoted. We are, however, of the opinion that the intention to so omit must appear from the four corners of the will; that attendant circumstances cannot be taken into consideration in determining such intention, and in so far as the above cases hold

such circumstances admissible, they are hereby overruled.

The Supreme Court of California, in the case of In re Hassell's Estate, 142 Pac. 838, says:

"It is, of course, well established, that before what are considered to be the 'natural rights' of children to share in the inheritance of their immediate ancestors shall be taken away, the intent that they shall not so share must appear upon the face of the will strongly and convincingly. In re Stevens, 83 Cal. 330, 23 Pac. 379, 17 Am. St. Rep. 252; Rhoton v. Blevin, 99 Cal. 647, 34 Pac. 513; In re Salmon, 107 Cal. 617, 40 Pac. 1030, 48 Am. St. Rep. 164. If the intent is not thus satisfactorily established, the law will reach the humane conclusion that the testator inadvertently failed to make provision for his children or children of deceased children."

This has been the rule in California from an early date, as may be seen from an examination of the authorities in the case above cited.

In the case of Riley v. Collier, supra, relative to the proposition of taking into consideration attendant circumstances in determining the intent of the testator, section 11265, C. O. S. 1921, is cited, and in Courtney v. Daniel, supra, the case of Riley v. Collier is followed without comment. It will be observed that section 11265 only permits surrounding circumstances to be taken into consideration when an uncertainty or ambiguity appears on the face of the will, and it is probable that this is all that was really intended to be held in the case first above cited.

In the case of In re Tompkins Estate, 64 Pac. 268, and Stratton's Estate v. Morgan, 44 Pac. 1028, the Supreme Court of California held "attendant circumstances" inadmissible.

Our statute being identical with the California statute, the construction placed thereupon by the California Supreme Court is very persuasive. In our opinion the rule announced by that court is the correct, safer and saner rule, and, following such rule, we hold that in cases of this character, the intention to disinherit must appear from the face of the will. Attendant circumstances can only be taken into consideration when an ambiguity appears on the face of the will.

After probate of the will, Nelson Crapo conveyed the premises to J. A. Gillaland, who, in turn, conveyed to the defendant M. E. Tantom. This action is brought by two of the alleged heirs seeking to recover their interest by partition. The other heirs were made parties defendant, and answered setting up their interests. The trial court held that the will precluded these heirs from inheriting. In this the court erred.

It is also contended that defendant, Tantom, was holding adversely to plaintiffs and the other heirs, and, plaintiffs having failed to join in their action for partition an action for possession, that the action in partition cannot, for this reason, be maintained, and that the judgment should on this theory be sustained.

The sufficiency of plaintiffs' petition was not challenged in the trial court, and is raised for the first time in this court by counsel in his brief. It is true that defendant, in his answer, sets up adverse possession and prays that title in and to said premises be quieted in him, which the court by its decree did, but the right of the plaintiffs to maintain the action was not challenged.

Even though defendant's contention is correct, which we do not decide, the judgment still must be reversed because of the fact that the decree quieted title in and to the premises in defendant Tantom, and enjoined and restrained plaintiffs and codefendants from asserting any right, title or interest in and to the said premises. Upon retrial of the case, this question may be eliminated by an amendment to the petition.

Judgment of the trial court should be reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 999. (2) 40 Cyc. pp. 1414, 1433; 28 R. C. L. pp. 211, 213; 3 R. C. L. Supp. p. 1563; 4 R. C. L. Supp. 1805: 5 R. C. L. Supp. p. 1521; 6 R. C. L. Supp. p. 1711.