262 P.2d 704 (1953)
In re CASTLE'S ESTATE.
CASTLE et al.
v.
HENDRIX et al.
No. 35550.
Supreme Court of Oklahoma.
October 13, 1953.
*705 Percy Hughes, Hobart, for plaintiffs in error.
W.B. Garrett, Mangum, for defendants in error.
WILLIAMS, Justice.
This is an appeal from an order and judgment of the District Court of Greer County, on appeal from the County Court.
It involves the construction of the following holographic will:
 "May 28, 1950
"To my Dear Children:
"I have one hundred dollars in the Greer Burial Association take $300.00 more and get a $400.00 casket like Dad had. Then give Mary Baggett $100.00 Mary Van Weiser $100 June Zachary $100.00 then give Billy Castle and J.E. Castle all the money I have in the bank after all expenses is paid Equally divided between them Billy and J.E. then give Billy and J.E. my one third interest in the farm, which will give them one half interest now boys take care of this as it is the last I'll ever give you buy a home.
 Signed Mary O. Castle."
All of the parties named in the will are grandchildren of the deceased. She also left two surviving children, Mary Cecil Hendrix and Cleo Van Sickle.
The County Court, after due proceedings, ordered distribution of the estate as called for in the will, despite the objections of the administratrix with the will annexed, Mary Cecil Hendrix, and her sister, Cleo Van Sickle, that the will was void as to them because of the provisions of 84 O.S. 1951 § 132, which reads as follows:
"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."
The District Court on appeal held that the will omitted to provide for the two daughters and ordered distribution to them of shares based upon the laws of descent and distribution. The two grandsons, Billy Castle and J.E. Castle thereupon appealed to this court.
The grandsons present 4 propositions of error but they are all argued together, and it is agreed by all parties that the answer to the following question will be deciding in this case: Does it appear from an examination from the four corners of the will of Mary O. Castle that it was her intention to omit her daughters, Mary Cecil Hendrix and Cleo Van Sickle, from her will?
*706 Both parties cite In re Revard's Estate, 178 Okl. 524, 63 P.2d 973, 975, wherein the court said with regard to 84 O.S. 1951 § 132:
"In construing this statute it is important to observe that the test is not whether it was an unintentional omission, such as an oversight. Rather, the thought to keep in mind is that the inquiry is whether `it appears' that the omission was `intentional.'"
It is to be noted also that the gist of the statute is an "omission to provide", not merely an omission to name the children.
The grandsons argue that the use of the phrase "To my Dear Children" at the beginning of the instrument indicated that the testator had the daughters in mind when she wrote the will; that the entire will is addressed to them, since they were the only children remaining alive at the death of testator; that therefore it cannot be said that they are "omitted" from the will. This argument is somewhat weakened by the phrase near the end of the will where testator wrote "now boys take care of this". The word "boys" obviously refers to the two grandsons, and its use tends to indicate that they were included in the salutation "To my Dear Children".
However, we believe the argument does not go to the heart of the question involved, since, even if true, it would only negative the contention that the deceased unintentionally forgot to name them; it does not negative the contention that the deceased unintentially omitted to provide for them.
Moreover, the true test, as noted in the Revard case, supra, is whether it affirmatively appears that the omission to provide was intentional. See also Riley v. Collier, 111 Okl. 130, 238 P. 491 and Courtney v. Daniel, 124 Okl. 46, 253 P. 990. The rule announced in these cases was later modified in Spaniard v. Tantom, 131 Okl. 75, 267 P. 623 as follows:
"The intention of a person to disinherit by will his children, or children of his deceased children, must appear from the four corners of the will. Circumstances under which the will was executed cannot be taken into consideration, nor may extrinsic evidence of any character be admitted to establish such intent. * * *" (Emphasis supplied.)
Viewing the will in the light of the above rule, we are unable to find any intention, either express or implied, on the part of the testator to disinherit her two daughters. The mere use of the phrase "To my Dear Children", which may or may not have been meant to include only the daughters, is no evidence of any intention one way or the other. It is arguable, of course, that no competent testator could ever "unintentionally" omit to provide for her children; however, the legislature, in recognition of the natural claim of children to the bounty of their parents, has made the requirement that such an omission to provide must "appear".
We have noted an apparent inadvertent conflict in the journal entry of judgment in the district court. The court found that each of the two daughters was entitled to, and did, inherit and undivided one-third interest in the estate of the deceased, but at another place in the journal entry the court ordered distribution of the estate as prayed for in the petition for distribution. A reference to such petition shows that the administratrix prayed for a distribution to her and her sister each, of an undivided one-third interest in the estate after payment of the specific bequests in the will. Since the will is void as to the two daughters, it is elementary that they are entitled to receive their respective shares of all of the estate, not just the residue left after payment of specific bequests.
The judgment of the trial court is modified so as to provide for transfer to the two daughters of their shares before payment of any specific bequests, and as so modified, it is affirmed.
HALLEY, C.J., JOHNSON, V.C.J., and WELCH, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.
CORN, J., dissents.