Chas. W. HARDY, Administrator c/t/a of the Estate of Mary Brixey, Deceased, Walter Brixey, a Devisee, and Rose May Brixey, Judy Kay Brixey, Imogene Rose, Betty Brixey Burnett, now Patterson, Joan Brixey Banks, and Alnora Faye Brixey, Lineal Heirs of Elmer Brixey, a Devisee, Deceased, Plaintiffs in Error,

v.

Cora CARNES and Nora Brixey, Defendants in Error.

No. 36944.

Supreme Court of Oklahoma.

Feb. 7, 1956.

Rehearing Denied March 6, 1956.

H. Tom Kight, Jr., Holtzendorff & Holtzendorff, Claremore, F. V. Westhafer, Charles Skalnik, Tulsa, for plaintiffs in error.

Wilkerson & Wilkerson, Pryor, Bassmann & Gordon, Claremore, for defendants in error.

PER CURIAM.

This appeal involves the will of Mary Brixey, deceased, offered for probate in the County Court of Rogers County. Probate was first denied by the county court but on appeal was admitted by the District Court. On remand the county court proceeded to final decree from which appeal again was taken to the District Court.

The holographic will of decedent, a widow, reads as follows:

"November 3, 1950.

"I am leaving all of my and C. B. Brixey an Mary Brixey property to Walter Brixey and Elmer Brixey to divid as they see fit. I want no fus over it. The boys has seen to me since paw left me. I hope it will be all rite with all the children.

"Mary Brixey

"this is my last wishes."

Mary Brixey died June 27, 1951. Walter Brixey and Elmer Brixey, named in the will, were sons of testatrix. Elmer Brixey died May 9, 1951, leaving six children who, with Walter Brixey, and the administrator with will annexed, are plaintiffs in error. Testatrix had two other children, Cora Carnes and Nora Brixey. These two daughters are defendants in error.

The District Court, hearing the matter on stipulation of facts, found that the will failed to provide for Nora Brixey and Cora Carnes, daughters of decedent, and that such omission was not intentional; that the will is meaningless and incapable of interpretation or construction either by class or individual identity of the persons intended as beneficiaries and that distribution under the will is impossible. Under these findings the trial court adjudged that the entire estate of Mary Brixey, deceased, descended to and vested in her heirs under the laws of descent and distribution and that distribution should be made accordingly.

The judgment of the district court approves the proceedings of the county court in all things except its decree of distribution awarding decedent's estate to the surviving son, Walter Brixey, and the heirs of Elmer Brixey.

The sole matter for determination on this appeal is whether or not the court erred in finding that the will was ineffective to pass title to the property of Mary Brixey to Walter Brixey and the heirs of Elmer Brixey.

While it is apparent from reading the will that testatrix was possessed of little formal education, we find that her intent to devise her property to the two sons is clearly expressed. It is equally clear that she intended to exclude all other children.

By statutory enactment, 84 O.S. § 151 et seq., it is provided that a will is to be construed according to the intention of the testator. The intention, once ascertained, is to be given effect, if such intent does not attempt to effect that which the law forbids. Munger v. Elliott, 187 Okl. 19, 100 P.2d 876. We find no legal impediment to giving effect to testatrix' intendments expressed in the will.

The situation arising out of the fact that Elmer Brixey died prior to death of testatrix is covered by statute 84 O.S. § 142. He left six children, who take under this statute in the same manner as the devisee, their father, would have taken had he survived the testatrix. It is also provided by statute 84 O.S. § 184, that a devise to more than one person vests in them as owners in common.

It follows that the property of the decedent should be distributed to Walter Brixey and the heirs of Elmer Brixey in accordance with the provisions of the statutes referred to hereinabove.

This cause is reversed and remanded with instructions to enter judgment in accordance with the views herein expressed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD and approved by Commis-

sioners JAMES H. NEASE and JEAN R. REED, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.