Wilda MONROE and Charles W. Hardy, Executor of the Estate of Ira H. Monroe, deceased, Plaintiffs in Error,

v.

Betty Sue Monroe LAWRENCE, Dorothy Monroe Marsh and John Carle, Guardian ad litem of Deborah Kay Monroe, a minor, Defendants in Error.

No. 38509.

Supreme Court of Oklahoma.

Dec. 22, 1959.

John Charles Feagins, Claremore, for Betty Sue Lawrence and Dorothy Marsh.

John Carle, Claremore, Guardian ad litem of Deborah Kay Monroe, a Minor.

BERRY, Justice.

Ira H. Monroe, hereafter referred to as "testator", died testate July 14, 1957, in Rogers County. Testator married Dora Ethel Monroe who died in 1952. Of this marriage four sons, Irvin, Roger, Fred and William H. were born. The three sons last named predeceased testator. The other son, Irvin, had been missing approximately 7 years as of date of testator's death but apparently is alive. Fred was survived by two daughters, Patricia Ann and Deborah Kay. Their mother, who is one of the plaintiffs in error in this case is Wilda Monroe. William H. was survived by two daughters, Betty and Dorothy. Dorothy, Betty Sue and Deborah Kay are defendants in error herein.

Omitting the formal parts, the last will of testator which was executed July 9, 1957 reads as follows:

"Last Will And Testament of *of* Ira Monroe.

"I, Ira Monroe, of Claremore, Rogers County, Oklahoma, being now in good health, strength of body and mind but sensible of the uncertainty of life and the absolute certainty of death, and desiring to make disposition of my property and affairs while health and strength, do hereby make, publish and declare the following to be my Last Will and Testament, hereby revoking and cancelling all other or former Wills by me at an*t* time made.

"First: I direct the payment of all my just debts and funeral expenses.

"Second: I give, devise and bequeath to my two sons, Roger Monroe and Irvin Monroe, the sum of One Dollar each ($1.00).

"Third: All the rest and residue of my property, both real and personal, or ever kind and whereever situated, whether vested or contingent, at the

Jack K. Mayberry, Bassmann & Gordon, Claremore, for plaintiffs in error.

time of my death, I give, devise and bequeath to Wilda Monroe, my daughter-in-law, to have, keep and injoy forever, free and clear of all restrictions whatever.

"Fourth: I hereby appoint and designate Charles W. Hardy of Claremore, Oklahoma, as sole executor without bond, of this my last will and testament."

The last will of testator was offered and received for probate in the County Court of Rogers County. Immediately after the will was admitted to probate in said Court, Dorothy and Betty filed separate applications seeking, as the surviving daughters of William H. and as surviving granddaughters of testator, a share in testator's estate, which application was bottomed upon the proposition that testator unintentionally failed to provide for them in his will. John Carle was appointed guardian ad litem for Patricia Ann and Deborah Kay who were minors and as such filed an application in behalf of said minors which was of the same purport as the application first referred to. Upon Patricia Ann reaching majority, John Carle was discharged as her guardian ad litem. Patricia Ann is not a party to this appeal.

In the final decree entered in the probate proceedings, the County Court, among other things, found that testator's surviving heirs were his son Irvin and the four grandchildren heretofore named; that the estate passed under the will of testator and ordered that the applications of the grandchildren for a share in the estate be denied. Dorothy, Betty and John Carle, as guardian ad litem of Deborah Kay, perfected an appeal from the aforesaid action of the County Court to the District Court. Following trial in the District Court, at which trial extrinsic evidence was offered by plaintiffs in error and rejected on the intent of testator to intentionally exclude his grandchildren in his will, said court found and held that the three grandchildren who had appealed were entitled to share in testator's estate as his pretermitted heirs at law; that the remainder of the estate should pass under the will. From said action this appeal was perfected.

The plaintiffs in error contend that the District Court erred in that "intent to disinherit the appellees affirmatively appears upon the face of the will by necessary inference" and in the alternative that "if the intent to disinherit does not so appear there arises on the face of the will ambiguity as to testator's intention in that respect and other respects and extrinsic evidence should be heard to ascertain the intention of the testator."

█ The applicable statute is 84 O.S.1951 § 132. The statute reads as follows:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

In Spaniard v. Tantom, 131 Okl. 75, 267 P. 623, the rule was announced in the second paragraph of the syllabus that "The intention of a person to disinherit by will his children, or children of the deceased children, must appear from the four corners of the will. Circumstances under which the will was executed cannot be taken into consideration, nor may extrinsic evidence of any character be admitted to establish such intent. * * *" Riley v. Collier, 111 Okl. 130, 238 P. 491, and Courtney v. Daniel, 124 Okl. 46, 253 P. 990, to the extent said case announced a rule of law contrary to the quoted rule, were overruled.

The reasoning back of the above quoted rule is stated in Riley v. Collier, 111 Okl. 130, 238 P. 491, 494, to be that "To supply omissions or to import unexpressed intentions not reasonably to be gathered within the four corners of the instrument, by the admission of extrinsic evidence, is not to construe and interpret the written will, but is to make a new will * * *."

An exception to the rule under discussion exists where the language of a will gives

rise to an uncertainty. The exception is stated as follows in the first paragraph of the syllabus to Dilks v. Carson, 197 Okl. 128, 168 P.2d 1020:

> "Where the language of a will gives rise to an uncertainty as to whether a testator intentionally omitted to provide for a child or the issue of a deceased child, the intention of the testator may be ascertained by interpreting such language in the light of the circumstances under which the will was made, excluding the oral declarations of the testator."

█ To our way of thinking, the will in controversy is not uncertain on the issue of whether testator intentionally failed to provide therein for his grandchildren. We are, therefore, of the opinion that on said issue the intention of testator must be determined from the four corners of the will and that the trial court did not therefore err in excluding extrinsic evidence relative to the circumstances under which the will was executed.

Plaintiffs in error contend that the fact that testator bequeathed his entire estate to named beneficiaries discloses an intention to disinherit all other possible beneficiaries. In re Adams' Estate, 203 Okl. 377, 222 P.2d 366, 371, is cited as sustaining said contention. We disagree. In the cited case we said this:

> "A case, not cited but in point in principle, is that of Courtney v. Daniel, 124 Okl. 46, 253 P. 990, where the testator, without provision for or mention of the children, gave all of his property to his wife 'absolutely, free and clear of any condition or restriction whatever.' It was there contended that the intent to disinherit the children appeared upon the face of the will. The court held, and properly, that no such intent appeared."

Plaintiffs in error also stress that testator knew of his grandchildren and the fact that he nevertheless failed to provide for them in the will therefore indicates that he intentionally omitted them. In Courtney v. Daniel, 124 Okl. 46, 51, 253 P. 990, 995, it is pointed out that the testator's home was open to his children and grandchildren who were not provided for in testator's will and that they frequently visited him, but said fact was not considered as indicating that testator had intentionally failed to provide for his children and grandchildren in his will.

The fact that testator bequeathed $1 to two of his sons, one of whom (Roger) was dead at the time the will in controversy was executed, is alluded to by plaintiffs in error. The fact that two of testator's children were mentioned in the will is without significance. In Riley v. Collier, supra, it is pointed out that testator knew of the death of his son, Omer, prior to bequeathing $50 to him upon the death of testator's wife. Omer was survived by children. It was argued that mention of Omer in the will demonstrated that testator had Omer's children, who were omitted, in mind when he executed his will and intentionally omitted them. In rejecting this argument we said "Intention is evidenced by acts and language rather than by passivity and silence" and under the facts of said case that the "grandchildren were pretermitted by the testator unintentionally." In a later case, Castle v. Hendrix, Okl., 262 P.2d 704, 705, it is stated in the second paragraph of the syllabus that "The use of the introductory phrase 'To my Dear Children' in a will in which two of testator's children are not otherwise named or provided for, is not sufficient to establish an intention to disinherit such children." The fact that a deceased son was named in the will does not show uncertainty nor ambiguity. This, in fact, could be used as a basis for contending that testator apparently did not have in mind at the time he executed the will in controversy those who had a natural claim to his bounty. In the last cited case we said that "the legislature, in recognition of the natural claim of children to the bounty of their parents, has made the requirement that such an omission to provide must 'appear' ".

 In Castle v. Hendrix, supra, it is pointed out that the true test in cases such as this, is whether it affirmatively appears from the four corners of the will that testator's omission to provide for his children or their issue was intentional. An application of this test to the will in controversy leads us to the conclusion that the will fails to show that testator intentionally failed to provide therein for his grandchildren.

Affirmed.