**Marjorie Owene PEASE, Executrix of the Estate of Nellie Whitlatch and Marjorie Owene Pease Personally, Ora Elmer Whitlatch, Sr., Rosella Greenleaf, Leonard Thomas Whitlatch and Billy Ray Whitlatch, Plaintiffs in Error,**

**v.**

**Darlene WHITLATCH, also known as Patricia Darlene Whitlatch, a minor, and Jeanette Burchert guardian of Darlene Whitlatch, also known as Patricia Darlene Whitlatch, Defendants in Error.**

**No. 40178.**

Supreme Court of Oklahoma.

Dec. 22, 1964.

Frank W. Files, Pawhuska, for plaintiff in error.

W. F. Semple, Tulsa, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the District Court of Osage County, in a case in turn appealed from the County Court of such County. It involves the construction of a will. The contest is between the husband, children and a grandson of testatrix, plaintiffs in error, to whom was devised and bequeathed the testatrix's estate, on the one hand, and a granddaughter, defendant in error, who claims a distributive interest under a certain statute on the other.

That statute, 84 O.S.1961, § 132, is of provision as follows, to-wit:

> "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

Testatrix's will (omitting introductory and closing paragraphs and those directing payment of debts and devising one-third of all testatrix's property except her home to her husband) in pertinent part provides as follows:

> "2. My family consists of my husband, Ora Elmer Whitlatch, Sr., of my daughters, Rosella Greenleaf and Marjorie Owene Pease, and my son, Leonard Thomas Whitlatch. I also have grandchildren. Among my grandchildren are Bill Ray Whitlatch and Darlene Whitlatch, the son and daughter of may deceased son, Ora Elmer Whitlatch, Jr.

"3. I give, devise and bequeath to my grandson, Bill Ray Whitlatch, my home situate in the Indian Village adjacent to Pawhuska and all its contents. At his death I direct that said home and its contents pass to my daughter, Rosella Greenleaf, if she be then living. If she be not living, then it is to pass to my other daughter, Marjorie Owene Pease. My other grandchildren are Jimmie Warrick, Laverna Ray Greenleaf and Bobbie Lee Greenleaf, son and daughter of Rosella Greenleaf, and Linda Jo Whitlatch, daughter of my son, Leonard Thomas Whitlatch.

"5. I give, devise and bequeath to my daughter, Rosella Greenleaf, and to my daughter, Marjorie Owene Pease, and my son, Leonard Thomas Whitlatch, all the remainder of the property of which I die seized and possessed, taking the remainder thereof share and share alike among the said two daughters and the said son. At the death of my daughter, Rosella Greenleaf, I direct that the property which she received under this will shall pass to her three children if they all be living or, if they are not all living, to those that are living. At the death of my daughter, Marjorie Owene Pease, I direct that that which she has received under this will shall pass to her sister, Rosella Greenleaf, and her brother, Leonard Thomas Whitlatch, share and share alike. At the death of my son, Leonard Thomas Whitlatch, I direct that that which he has received under this will shall pass to his daughter, Linda Jo Whitlatch."

No reference whatsoever to Darlene Whitlatch other than as in section 2 above quoted appears in the will.

The district court found that Darlene was mentioned in the will but no devise or bequest was made to her; "and that although she was mentioned in the will and received no bequest or devise, under the terms and provisions thereof she is entitled to succeed to 1/12th of said decedent's estate." This was a conclusion opposite to the judgment of the county court.

For reversal plaintiffs in error advance the proposition "That the judgment of the District Court of Osage County, Oklahoma, was clearly erroneous under the facts and the law applicable to said case." They contend that: "For a child or grandchild to invoke the pretermitted statute, 84 O.S.A. 132, supra, it must appear from the four corners of the will that the testator did not have such child in mind nor made any mention of such child in the will.

"Since Darlene was mentioned in the will, and the testatrix made no devise or bequest to her is conclusive that testatrix did not desire Darlene to share in her estate."

In an annotation in 170 A.L.R., Pretermission Statutes—Application, "b. Mention of Child" at page 1336 is the following:

> "An intention not to provide for the testator's child or grandchild, with consequent avoidance of the application of the pretermission statute, has been held in a number of cases to have been shown where the will mentioned such child."

Such section is applicable to the facts of the instant case and is clearly distinguishable from the section "mention of or provision for, parent, child, or spouse of child in question," commencing on page 1330 of such annotation. At that page is the following language:

> "In a number of cases question has arisen as to whether a child or grandchild unmentioned or unprovided for in its parent's or grandparent's will was intentionally omitted, thereby avoiding the pretermission statute, where the will did mention, or provide for, the parent of such unmentioned child or grandchild. In the majority of cases in which this question has arisen, the courts have held that such omission was intentional, thereby avoiding the application of the statute."

At pages 1332 and 1333 thereof the author in distinguishing certain Oklahoma cases stated:

"No intention to omit provision for two grandchildren, children of the testator's deceased son, so as to avoid the application of the statute stipulating that whether a testator omits to provide for any of his children, or for issue of any deceased child, they should take as in case of intestacy unless it should appear that such omission was intentional, was found, in Re Revard['s Estate] (1936) 178 Okl. 524, 63 P.2d 973, where the testator bequeathed $5 to each of his children, including the above-mentioned son, who had been dead three years, and also to the grandson of another deceased child, but failed to provide for or mention children of the first son, and *it did not appear whether the testator was aware of the death of such son, and there was no indication that he ever knew of the existence of such grandchildren.*

"The fact that a testator mentioned a deceased son in his will, making a $50 bequest in his favor, was held, in Riley v. Collier (1924) 111 Okl. 130, 238 P. 491 (overruled on another point in Spaniard v. Tantom (1928) 131 Okl. 75, 77, 267 P. 623) *not to authorize the assumption that he also had in mind children of such son, from whom he had been estranged for many years and whom he knew to be dead,* and that they were intentionally omitted, and such grandchildren were therefore held to be entitled to share under the above statute." (Emphasis ours).

In such Oklahoma cases the children or grandchildren found to be pretermitted were not mentioned in the wills involved in such cases.

In each of those cases, the Court specifically referred to and apparently based the result upon such fact. In the instant case, the grandchild, Darlene, was mentioned in the will.

In the case of In re Revard's Estate, supra, at pages 974 and 975 of the Pacific Second reporter, we said:

"* * * This deceased son, Carl Revard, left two children, as above stated, and these children were nowhere mentioned or provided for in the will, either in general or specific terms. * * *"

* * * * * *

"In Riley et al. v. Collier et al., 111 Okl. 130, 238 P. 491, a testator bequeathed $50 to each of his three living children, and a like amount to his dead son. The son had died long before the date of the execution of the will, and testator knew that fact. Nevertheless, we held that even though he knew the son was dead, and even though he made a bequest to him, such facts did not warrant the presumption, even with the aid of attendant circumstances, that the omission of the grandchild was intentional. It was held that the omitted grandchild would take under the laws of intestacy. Riley v. Collier was later followed, as to children, by Courtney v. Daniel, 124 Okl. 46, 253 P. 990, and then still later the doctrine announced in both cases was modified by Spaniard v. Tantom, 131 Okl. 75, 267 P. 623. The modification, however, further tightened the rule, instead of lightening it, by holding that circumstances attendant to the execution of the will could not be considered when determining whether the omission was intentional. The rule announced in the latter decision is that the intention of a person to disinherit by will his children, or children of his deceased children, must appear from the four corners of the will, and that circumstances under which the will was executed cannot be taken into consideration, nor may extrinsic evidence of any character be admitted to establish such intent. *There being no mention of the grandchildren in the will,* and it not appearing from the face thereof that

the omission was intentional, the doctrine announced in Riley v. Collier, supra, results in invalidation of the will as to these two grandchildren, necessitating that they inherit the same share of the estate as if the testator had died without a will." (Emphasis ours.)

In the case of In re Adams' Estate, 203 Okl. 377, 222 P.2d 366, 368, this Court dealt separately with the status of a son named in the will and the status of four other children not named. In that case this Court squarely dealt with the question of whether the mention of a child (heir) in a will without making provision therefor, served to avoid application of the pretermission statute, 84 O.S.1961 § 132. In that case we said:

"*The appeal of Louis Adams,* who is named as executor in the will, *involves and turns upon an issue not involved in the other appeals, and that is whether the fact of his being so named is sufficient to disclose an intent to disinherit him.* His contention is that such fact is insufficient to show such intent. He cites no authority in support of the contention. The contention overlooks the fact that his being so named, and thus in the mind of the testator, precludes the idea that he was overlooked which is an essential to the application of the statute Title 84 O.S.1941 § 132. *The courts of other states whether construing the Missouri type statute or the Massachusetts type, of which the Oklahoma statute is one, appear to be in complete accord in holding that a child named in the will, and not provided for therein, stands disinherited.* See Anno. cases cited in 152 A.L.R. p. 725. The force of such unanimity is given emphasis in Page on Wills, Vol. 1, p. 975, 978, sec. 528, as follows: '*Naming a child is, of course, sufficient to show testator's intention that the child shall receive nothing further than is given it by the will.*'

"Though there has been no decision of the question in Oklahoma *we have given tacit recognition thereof.* In Re Revard's Estate, 178 Okl. 524, 63 P.2d 973, 975, there is said: '*There being no mention of the grandchildren in the will,* and it not appearing from the face thereof that the omission was intentional, * * *.'

"We hold that the fact Louis Adams was so named is sufficient to make it appear upon the face of the will that the omission to provide for him therein was intentional." (Emphasis ours.)

In 57 Am.Jur., Wills, sec. 1138, "Invalid and Non-testamentary Provisions; Introductory clauses", is the following:

"In applying the broad principle that the intention of the testator is to be gathered from the whole will, the view is frequently taken that invalid nontestamentary, and nondispositive provisions should be considered with the rest of the instrument in the ascertainment of the testatorial intention, for it is to be presumed that the testator, in formulating his testamentary scheme, supposed that all portions of his will were legal and valid. This doctrine has, for example, been applied to introductory clauses and to provisions attempting to dispose of property during the testator's lifetime. * * *"

Such language would seem to indicate that the naming of an heir (child or grandchild) in the introductory clause without thereafter making a devise or bequest in his favor may be considered as evidence of an intention of omission to provide.

Counsel contends that under authority of the case of Castle et al. v. Hendrix et al., Okl., 262 P.2d 704, "The real test is: Was there an omission to provides, not merely an omission to name the children?"

In that case testatrix had dated, written in her own handwriting and signed the will there involved, addressing it as follows: "To my Dear Children". Referring to that salutation, this Court said, "* * * (I)t does not negative the contention that the deceased unintentionally *omitted to provide* for them". In so saying, the Court

went further then required in light of the facts and circumstances of that case. It is to be noted that in the second paragraph of the syllabus of the opinion therein, the Court found it necessary to go only so far as to rule as follows:

> "The use of the introductory phrase 'To my Dear Children' in a will in which two of testator's children are not otherwise named or provided for, is not sufficient to establish an intention to disinherit such children."

It was observed in that opinion that the argument that the salutation in the will, "To my Dear Children" indicated that testatrix had her daughters in mind when writing the will, was weakened by her direction to her two grandsons near the end of the will where she wrote "Now, boys, take care of this".

Clearly the situation in the case at bar, where testatrix in paragraph No. 2 specifically, by name, listed those who might otherwise be expected to be the objects of her bounty and provision, and thereafter in paragraphs Nos. 3 and 5 made provision for her other named grandchildren including the grandson (and brother of Darlene) mentioned in the paragraph No. 2 hereinabove first mentioned, presents a different situation from that in Castle v. Hendrix, supra, and is distinguishable on the facts.

In view of our holding that "Extrinsic evidence to establish the intent of a testator is not admissible unless the language of will is ambiguous or uncertain", Monroe et al. v. Lawrence, et al., Okl., 347 P.2d 1016, we must attach considerable importance to the language and content of the will.

In reviewing the above quoted paragraphs of testatrix's will, it is first to be noted that testatrix in listing the members of her family in her will specifically named her granddaughter, Darlene Whitlatch. Secondly testatrix listed Darlene along with Darlene's brother, Bill Ray Whitlatch. Thirdly, Darlene was referred to as the "daughter of my deceased son, Ora Elmer Whitlatch, Jr."

Moreover, (fourthly), testatrix made a devise and bequest to Bill Ray, Darlene's brother. In this connection it is noted that in every other instance of devises or bequests, she provided for the respective remainders after death of such devisees and legatees to go over to the testatrix's designated children and grandchildren exclusive of Darlene and being the respective devisees' and legatees' children and brother and sisters, but specifically provided that the remainder of the Bill Ray Whitlatch devise and bequest go over to testatrix's daughter, Rosella, the aunt of Bill Ray Whitlatch.

As a fifth circumstance it is further noted that, preparatory to making devises and bequests of remainders over, the testatrix specifically stated in paragraph No. 3 "my other grandchildren are," naming them. The use of the word "other" indicates that the testatrix was aware of the fact that she had theretofore in her will referred to her two grandchildren, Darlene and her brother, and further that she was next considering provision for her other grandchildren not previously mentioned in the will and for whom she did provide in paragraph No. 5.

We consider certain quoted language from the case of In Re Adams' Estate, supra, applicable by analogy to the facts in the instant case. Such language is as follows:

> "In Re Estate of Trickett, 197 Cal. 20, 239 P. 406, 409, it is said: 'The general scheme of the will and the intent of the testator, as manifested by the language of the will, compel the conclusion that the testator failed to provide for appellants, not because he was oblivious of their existence, but rather, because he did not desire them to share in his estate.'
>
> "In Draper v. Draper, 267 Mass. 528, 166 N.E. 874, 875, there is said: 'It is apparent on the evidence that, * * she had a present conscious purpose to give all her property to the widow

and children of her son Ernest. An intent thus appears to omit provision for every one except those mentioned in the will.'"

We consider a situation analogous to the present one to have been presented by the facts in the case of Hardy v. Carnes, Okl., 294 P.2d 551, 552. There this Court said:

"* * * (W)e find that her intent to devise her property to the two sons is clearly expressed. It is equally clear that she intended to exclude all other children."

In Monroe v. Lawrence, supra, it is pointed out that the true test in cases such as this, is whether it affirmatively appears from the four corners of the will that testator's omission to provide for his children or their issue was intentional. An application of this test to the will in controversy leads us to the conclusion that the will shows that testatrix intentionally omitted to provide therein for her granddaughter, Darlene, defendant in error herein.

This cause is reversed and remanded with instructions to enter judgment in accordance with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON and BERRY, JJ., concur.

DAVISON, JACKSON and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

Title 84 O.S.1961, § 151, provides that a will is to be construed according to the intention of the testator. The Legislature, by enactment of Title 84 O.S.1961, § 132, unequivocally, placed a burden upon a testator, if he intends to omit to provide in his will for any of his children or for the issue of a deceased child, to make it appear that such omission was intentional.

Although our general statutory provisions do not prohibit a testator from omitting to provide for a child, or the issue of a deceased child, section 132, supra, does place a limitation upon the manner in which a child or the issue of a deceased child may be omitted. That is, a child or the issue of a deceased child, is not prohibited from sharing in the estate by merely omitting to provide in the will for the child or the issue of a deceased child, but it is incumbent upon the testator to make it appear that the omission to provide was intentional.

In my opinion, there is a clear-cut and a vital distinction between the language employed in sec. 132, supra, which states "unless it appears that such omission was intentional" and language employed in certain jurisdictions which states "unless it appears that such omission was *not* intentional". In the former, which is our statute, the presumption is that the testator did not intend to omit to provide for the pretermitted heir, and to overcome such presumption in favor of the pretermitted heir, it must appear that such omission was intentional.

By the same reasoning, where the statute provides "unless it appears that such omission was *not* intentional", the presumption is that the testator did intend to omit to provide for the pretermitted heir, and to overcome such presumption, it must appear that such omission was not intentional. My reasoning, in part, is based on 170 A.L.R. p. 1387.

In In re Castle's Estate, Okl., 262 P.2d 704, we said the intention of a testator to disinherit his children, or the issue of a deceased child, must affirmatively appear from the four corners of the will.

In construing section 132, supra, in In re Revard's Estate, 178 Okl. 524, 63 P.2d 973, we said it is important to observe that the test is not whether it was an unintentional omission, such as an oversight, but whether "it appears" that the omission was intentional.

The district court, on trial de novo, in effect found that it did not appear that the omission to provide for Darlene Whitlatch

was intentional, and therefore, she was entitled to share in the estate of the testatrix as if she had died intestate.

On appeal to this Court, the above finding and judgment rendered thereon will not be disturbed unless such finding and judgment are against the clear weight of the evidence. See Lunceford v. Lunceford, 208 Okl. 404, 255 P.2d 909.

In the will under consideration, the testatrix provided for all of her living children and all her grandchildren except Darlene Whitlatch. She specifically mentioned all of her grandchildren by name, but left only a present interest to her grandson, Bill Ray Whitlach, and all of her other grandchildren, except Darlene Whitlatch, were devised a remainder as a class. Testatrix also set forth how the estate should be distributed in case of, and on the death of, the devisees and legatees. However, the will is barren of (1) any language indicating an intention to omit to provide for her granddaughter, Darlene Whitlatch, whose father had died, (2) any language indicating a reason for omitting to provide for her, (3) any language indicating an intention not to provide for all her children and all her grandchildren, and (4) any language indicating a preference between her grandchildren. In other words, the testatrix not only omitted to provide for Darlene Whitlatch, but in my opinion, failed to employ any language which would make it appear that such omission was intentional.

Since, in my opinion, there is a presumption that the testatrix did not intentionally omit to provide for Darlene Whitlatch, I can not say that the inherent finding of the trial court that this presumption was not overcome by the language in the will for the reason the testatrix did not make it appear that the omission was intentional, is against the clear weight of the evidence.

I therefore respectfully dissent.

I am authorized to state that Mr. Justice JACKSON concurs in the views herein expressed.