In the Matter of the Estate of W. E. CRUMP, Deceased, Ben C. Crump and Robert W. Crump, Co-Executors, Appellants,

v.

Tamsey E. FREEMAN, Appellee.

No. 51962.

Supreme Court of Oklahoma.

May 20, 1980.

As Corrected June 5, 1980.

Rehearing Denied July 21, 1980.

Garvin & Agee by Alan Agee and George Meisel, Pauls Valley, for appellants.

Fischl, Culp, McMillin & Kern by Terry C. Kern, Ardmore, for appellee.

OPALA, Justice:

The issue on appeal is [1] whether it is apparent from the four corners of the will that testator's omission to provide for the daughter of his deceased son was intentional, and if not, [2] would she be entitled to take her distributive share as an omitted heir within the meaning of 84 O.S.1971 § 132.[1] We hold there is no affirmative indication on the face of the will that testator intended to disinherit his granddaughter. Neither does the testamentary instrument reflect ambiguity of intention which would permit intentional exclusion to be shown by parol.

Several months after the will of W. E. Crump [decedent/testator] was admitted to probate, testator's granddaughter [contestant] sought her intestate share of the estate as a pretermitted heir under 84 O.S.1971 § 132. Contestant was one of three children of decedent's only child who had predeceased him. Testator provided for the other two grandchildren in his will but failed to include or mention the contestant. The will in controversy transfers substantially all of the testator's property to a testamentary trust to be used for the benefit of designated beneficiaries who include the two other grandchildren of decedent. The property not transferred in trust was the subject of a specific bequest. Nowhere in the will is decedent's granddaughter mentioned either by name or class. Nor is any provision made for her. The trial court ruled that contestant was a pretermitted heir entitled to inherit her distributive part of testator's estate. The co-executors of decedent's estate appeal from that decision.

■ Since 1928 this court has consistently interpreted and, for the most part, uniformly applied Oklahoma's pretermitted heir statute here under consideration. Intentional omission to provide for a testator's issue must appear from the four corners of the will.[2] The purpose of the statute is to protect the issue's right to take unless the will itself gives clear expression of an intentional omission.

■ Two different approaches to the problem of an heir's omission from his an-

1. 84 O.S.1971 § 132 provides: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

2. Weaver v. Laub, Okl., 574 P.2d 609 [1978]; Bridgeford v. Estate of Chamberlin, Okl., 573 P.2d 694 [1978]; Estate of Glomset, Okl., 547 P.2d 951 [1976]; In re Estate of Daniels, Okl., 401 P.2d 493 [1965]; Pease v. Whitlatch, Okl., 397 P.2d 894 [1964]; Monroe v. Lawrence, Okl., 347 P.2d 1016 [1959]; O'Neill v. Cox, Okl., 270 P.2d 663 [1954]; In re Castle's Estate, Okl., 262 P.2d 704 [1953]; Hall v. Williams, 204 Okl. 308, 229 P.2d 584 [1951]; In re Adams' Estate, 203 Okl. 377, 222 P.2d 366 [1950]; Dilks v. Carson, 197 Okl. 128, 168 P.2d 1020 [1946]; In re Revard's Estate, 178 Okl. 524, 63 P.2d 973 [1936]; Alexander v. Samuels, 177 Okl. 323, 58 P.2d 878 [1936]; Spaniard v. Tantom, 131 Okl. 75, 267 P. 623 [1928].

cestor's will are identified in national legal literature by reference to the Massachusetts and Missouri prototype statutes.[3] The Missouri-type solution benefits children "not named or provided" for in the will, whereas Massachusetts makes superimposition of heirship status subject to the qualifying phrase "unless it shall appear that such omission was intentional *and not occasioned by any mistake or accident.*" Under a Massachusetts-type statute extrinsic evidence is admitted to show both presence or absence of intention to disinherit, while under a Missouri-type solution any evidence offered to rebut the statutorily-created presumption of inadvertent omission must appear within the four corners of the will. Oklahoma's pretermitted-heir provision has been characterized as Massachusetts-derived although the quoted portion of that state's statute, italicized in this text, was never incorporated in our version. California's pretermitted-heir statute, with a version then similar to that of Oklahoma, was construed In the *Matter of Estate of Garraud,* 35 Cal. 336 [1868], as disallowing the use of parol proof to show testator's unexpressed intentional omission of children from the will.[4] The court noted that the California statute made no reference to "accident or mistake"—the phrase used in the Massachusetts prototype. Utah, with a statute like ours, dealt with the very same problem

settled earlier in California. Acting as a court of last resort for the then Territory of Utah, the U.S. Supreme Court reached in *Coulam v. Doull,* 133 U.S. 216, 231, 10 S.Ct. 253, 256, 33 L.Ed. 596 [1889], the opposite conclusion from that in *Garraud.* In *Doull* the Court held that absence of reference to "accident or mistake" in the Utah statute did not preclude the use of parol evidence. In its analysis the Court treated the Utah Territory pretermitted-heir statute as an extraneous fact which, when interacting with the will's silence as to the testator's intent, resulted in latent ambiguity resolvable by parol. We cannot accept the *Doull* rationale. A latent ambiguity will arise from a fact or circumstance—extraneous to the text—which renders the meaning uncertain. Here there is *no* ambiguity but *only* silence for which the law's command has supplied its own answer. The pretermitted-heir statute superimposes itself upon the silent will to establish heirship in the protected person. The status once so created by force of law cannot be erased by parol.[5] The needed intent for the heir's omission cannot come *dehors* the will from sources not testamentary in character.[6]

We cannot follow the so-called Massachusetts-type approach.[7] Our pretermitted-heir statute, which makes no refer-

**3.** See also dissent in *Estate of Glomset,* supra note 2, and *Bridgeford v. Estate of Chamberlin,* supra note 2, for further discussion of the Massachusetts and Missouri-type pretermitted-heir statutes.

**4.** Most recently, the Idaho Supreme Court found persuasive the rationale of *Garraud,* the early California landmark decided when that state's pretermitted-heir statute, since amended, was still substantially identical to that of Idaho. *In re Estate of Cooke,* 96 Idaho 48, 524 P.2d 176, 181–182 [1974].

**5.** The only exception to the parol evidence rule which seems to apply to wills is the one which admits parol evidence to resolve ambiguous expressions used in the text or created by the existence of facts extraneous to it.

**6.** *Monroe v. Lawrence,* supra note 2; *Dilks v. Carson,* supra note 2. In *Pease v. Whitlatch,* supra note 2, we held that testator's intention to disinherit his granddaughter was apparent from the four corners of the will by no more

than a mention of her as one of testator's grandchildren coupled with a failure to provide for her in the will.

**7.** Oklahoma does not fall clearly into the Massachusetts or the Missouri prototype. Our enactment *neither* [1] has the mandatory language found in the Missouri statute (although we reach the same result when an intentional omission is not found on the face of the will) *nor* [2] contains the reference to "accident or mistake" that is found in the Massachusetts statute. Absent specific statutory authority, equity has no power to reform a will for mistake. [Atkinson, Law of Wills, § 58, p. 273 (2nd ed. 1953)]. The Oklahoma statute, which forbids and strikes at omission by testamentary silence, is hence a hybrid distinct from both nationally-recognized approaches to the problem of an omitted heir who is to be protected by statutory law from an unexplained or unintentional exclusion.

ence to "accident" or "mistake" appears to confine judicial inquiry to a search for the *expressed* testatorial intention to omit one's protected heir. The law in force in the state when the will is made forms part of that instrument. Testators must be assumed to have published their testamentary disposition with full knowledge of the applicable law.

Here the contestant was omitted from the will completely. There was no mention of her by name or class. The will contains no language which manifests this omission as an intentional act. The co-executors argue that because complete disposition of the testator's entire estate to the designated beneficiaries (of which the contestant was not one) was effected, this shows decedent's omission of his granddaughter was made by design. Testatorial disposition of the entire estate does not alone affirmatively evince an intent to omit to provide for a child or a deceased child's issue.[8] Before "natural rights and expectations" of one's issue to share in the ancestor's wealth may be legally extinguished, the intent to disinherit must appear upon the face of the will in strong and convincing language.[9] No requisite intent to disinherit the granddaughter appears in the will before us.

Co-executors further assert there is an ambiguity on the face of the will which permits a showing by parol that the omission was in fact intentional. No uncertainty was found below and we accede to the trial court's view.[10] There was hence no error in the exclusion of parol proof.

Our preternitted-heir statute, as interpreted since 1928,[11] does more than raise a presumption that the testator unintentionally omitted to provide for a child or issue of a deceased's child. It calls upon a testator who wishes to disinherit his issue to affirmatively and clearly state his intention to exclude such person.[12] Our interpretation of § 132 provides an efficient, safe and easy method to determine the testator's intention. Thousands of wills have been written in reliance on the continued expression of this court over a long period of time. A departure from precedent would, at this late date, be most inadvisable and inappropriate.[13]

The testator's omission to provide for his granddaughter does not appear from the four corners of the will to have been intentional. There is no ambiguity as to his intent apparent from the will. Extrinsic evidence was hence inadmissible. Intentional omission of an heir protected by § 132 may not be supplied for a silent will by parol. The statute neither contemplates nor authorizes an extra-testamentary expression of intended exclusion. Contestant's § 132 status as a pretermitted heir was clearly established. Trial court's judgment is therefore AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, J., concurring in result.

WILLIAMS and HODGES, JJ., dissenting.

---

8. *Spaniard v. Tantom*, supra note 2.

9. *In re Castle's Estate*, supra note 2; *Spaniard v. Tantom*, supra note 2; *Newkirk v. Knight*, Okl., 456 P.2d 104 [1969].

10. We do not decide if there are ambiguities relating to other issues present in the will at bar as this question is not before us today.

11. *Spaniard v. Tantom*, supra note 2.

12. *In re Castle's Estate*, supra note 2.

13. In an effort to persuade this court into departing from established precedent, appellants included in their briefs herein an in-depth analysis of relevant historical antecedents. Though we cannot accede to the view they espouse, we must compliment counsel on their thorough and accurate research.